UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEREK LAMB on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>BRAHAMPUTRA, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO.: |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

1.  Defendant BrahamPutra, LLC ("Defendant") required Plaintiff Derek Lamb ("Plaintiff") to work more than forty hours in a workweek without overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). Defendant misclassified Plaintiff and all other similarly situated workers as independent contractors instead of as employees. By misclassifying them as independent contractors, Defendant illegally denied Plaintiff and the proposed Class Members compensation at time and one half their regular rates of pay for all hours worked over 40 in a workweek.

2.  Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated workers, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "Class Members."

**SUBJECT MATTER JURISDICTION AND VENUE**

3.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

4. Venue is proper in this District because Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in this District. Indeed, Defendant's headquarters is in this District and the decision to deny Plaintiff overtime wages was made in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Derek Lamb is an individual residing in Dallas, Texas. Said Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. The Class Members are all current and former integrators and all workers in substantially similar positions classified as independent contractors by Defendant at any time during the three-year period before the filing of this Complaint.

7. Defendant BrahamPutra, LLC is a New Jersey limited liability company. Defendant can be served with process by serving its registered agent, Ranjan Takier, at 4 Sheffield St., Pine Brook, NJ 07058.

## COVERAGE

8. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12. At all material times, Plaintiff and the Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

## FACTS

13. Defendant is a company that provides staffing services in the IT and telecommunications industries. Defendant's website states that it "provides complete staffing, consulting, and BPO solutions to companies through the US." (*See* http://www.bpinfrastructure.com/index.php?pageid=home, last visited 8/25/2020).

14. To provide its services to its customers, Defendant hires and employs "integrators" across the country including in California, Texas, Oklahoma, Louisiana, New York, New Mexico, Ohio, and Pennsylvania.

15. Integrators are the workers who travel to various cellular sites to replace and install equipment in cellular towers and at cellular sites. These workers performance maintenance and repair work at cellular sites to ensure that cell towers can send a wireless signal for cell phones.

16. To do this work, integrators use basic tools such as cable cutters, screwdrivers, ladders, pliers, wrenches, colored tape, cameras, and zip ties. Integrators are also required to wear safety equipment. This equipment included a hard hat, safety shoes, safety glasses, and a first aid kit.

17. Integrators work outdoors and perform manual labor tasks as part of their regular duties.

18. Plaintiff worked for Defendant as an integrator from approximately December 2018 to April 2019. Plaintiff worked for Defendant in St. Louis, Missouri performing work at cell sites.

19. Defendant classified Plaintiff as a "1099 Contract Employee." (*See* Exhibit "B.")

20. Defendant's offer letter to Plaintiff states that he was offered "employment" with Defendant and was employed on an "at-will" basis. (*Id.*)

21. The offer letter further states:

> General terms of your employment are described in the BrahamPutra Employee Handbook, as revised from time to time. BrahamPutra expect that you will read and abide by all the guidelines set forth in the employee handbook, Employment agreement, plus any other policies and practices adopted by BrahamPutra from time to time.

(*Id.*)

22. In other words, the offer letter expressly stated that Plaintiff was an "employee" wo was required to follow Defendant's employment policies and procedures.

23. However, for compensation, the employment agreement stated that Plaintiff was "compensated **$360.00 on 1099 (Three Hundred Sixty dollars)/ Working Day**." (*Id.*) (emphasis in original).

24. Even though Plaintiff was called an employee, was required to follow Defendant's employment policies and procedures, and was paid on a day rate basis, Defendant misclassified Plaintiff as an independent contractor.

25. Given that he was misclassified as an independent contractor, Plaintiff was not paid overtime wages when he worked more than 40 hours in a week.

26. Like Plaintiff, the Class Members were also classified as independent contractors.

27. Like Plaintiff, the Class Members were also paid on a day rate basis.

28. Like Plaintiff, the Class Members regularly worked more than 40 hours per week.

29. Like Plaintiff, the Class Members were not paid any overtime wages when they worked more than 40 hours per week.

30. The Class Members performed similar duties as Plaintiff.

31. The Class Members worked across the US, including in California, Louisiana, New York, New Mexico, Ohio, Oklahoma, Pennsylvania, and Texas.

32. The Plaintiff and Class Members were not independent contractors but were employees.

33. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

34. In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform their work.

35. Specifically, Defendant told Plaintiff and the Class Members the cell site where they needed to perform work. They were also told the type of work they were to perform and were given a deadline when to complete that work. Defendant also told Plaintiff and the Class Members the equipment that they replace/install.

36. Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to the Plaintiff and the Class Members:

   a. Defendant paid Plaintiff and the Class Members a pre-set amount per day;

   b. The rate paid by Defendant was set by Defendant and was not negotiated by the Plaintiff or Class Members;

   c. Defendant required Plaintiff and the Class Members to report to their assigned job site at a set time;

   d. Defendant required Plaintiff and the Class Members to request time off in advance and have that time away from work pre-approved;

  e. Defendant set forth the required procedures to be followed and the order and manner in which Plaintiff and the Class Members were to perform their work;

  f. Plaintiff and the Class Members faced termination if they failed to perform their work in the manner required by Defendant;

  g. Defendant assigned Plaintiff and the Class Members a substantial number of hours of work per week – well over 40 hours;

  h. Plaintiff's and the Class Members' services were integrated into Defendant's operations;

  i. Plaintiff and the Class Members constituted the workforce without which Defendant could not perform its services;

  j. Plaintiff and the Class Members worked for Defendant for long periods of time as is common with employees; and

  k. Defendant maintained the right to discharge Plaintiff and the Class Members at any time.

37. Furthermore, the degree of investment Plaintiff and the Class Members made to perform their work pales in comparison to the expenses Defendant incurred. Defendant invested in significant resources, including owning office space, laptops, paying for employees, a website, marketing costs and other significant costs. The Plaintiff and Class Members did not incur any such costs.

38. Further, the Plaintiff and the Class Members performed work that was integral to the operations of Defendant. Indeed, Defendant hires and staffs workers in the IT and telecommunications industries. The Plaintiff and Class Members were the workers who were hired by Defendant and performed services for Defendant.

39. Moreover, Defendant supervised and controlled the activities of the Plaintiff and the Class Members. Defendant monitored their work, reviewed their work, issued instructions, and directed their work in the manner deemed sufficient by Defendant.

40. Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

41. Although Plaintiff and the Class Members have been required to work more than forty (40) hours per week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

42. No exemption applies to Plaintiff or the Class Members.

43. Defendant knew of the requirement to pay overtime and in fact, pays overtime to other employees. However, Defendant made the conscious choice to not pay overtime to the Plaintiff and Class Members.

44. Thus, Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the law. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs.

## **COUNT ONE: VIOLATION OF 29 U.S.C. § 207**

45. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

46. Defendant's practice of failing to pay Plaintiff and the Class Members time-and-one-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

47.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff/Class Members.

## **COLLECTIVE ACTION ALLEGATIONS**

48.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

49.     Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its workforce.

50.     Plaintiff's knowledge is based on his personal work experience and through communications with other integrators working for Defendant.

51.     Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

52.     Although Defendant permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

53.     Defendant has continued to fail to pay the Class Members overtime to this day.

54.     The Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

55.     The Class Members are not exempt from receiving overtime pay under the FLSA.

56.     As such, the Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

57. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

58. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

59. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

60. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

61. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

62. As such, the class of similarly situated workers is properly defined as follows:

> All current and former integrators and all workers in substantially similar positions classified as independent contractors by Defendant at any time during the three-year period before the filing of this Complaint.

## **PRAYER**

63. For these reasons, Plaintiff pray for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Class Members;

   b. A judgment against Defendant awarding Plaintiff and the Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees, costs, and expenses;

   d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

JAFFEGLENN LAW GROUP, PA

By: */s/ Andrew Glenn*
Andrew Glenn, Esq.
33 State Road, Suite A-1
Princeton, New Jersey 08540
Tel (201) 687-9977
Fax (201) 595-0308
Email: aglenn@jaffeglenn.com

AND

HODGES & FOTY, L.L.P.

Don J. Foty
(will apply for admission *pro hac vice*)
Texas State Bar No. 24050022
4409 Montrose Blvd, Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
Email: dfoty@hftrialfirm.com

ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS