

CLIFFORD D. DAWKINS, ESQ.
CLIFF@DAWKINSWARRINGTON.COM
T: (201) 919-5458

March 28, 2022

**VIA ELECTRONIC (ECF) FILING**
Honorable Leda Dunn Wettre, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
Courtroom - MLK 3C
50 Walnut Street
Newark, NJ 07102

   Re: Lamb v. BrahamPutra, LLC, Case No. 2:20-cv-12145, In the United States District Court for the District of New Jersey

Dear Judge Wettre:

  As Your Honor is aware, we represent BrahamPutra, LLC (hereinafter, "BP" or the "Company") in the above-referenced matter.  We write in response to Plaintiff's counsel's March 18, 2022, letter to Your Honor requesting leave to file a motion for equitable tolling of the statute of limitations period in this matter.  Defendant objects to Plaintiff's request for leave to file this motion because Defendant was not the cause of any of the putative delays broached in Plaintiff's letter.  Moreover, significant "delays", as seemingly defined by Plaintiff, are directly attributable to Plaintiff's own actions/inaction.  To the point, Plaintiff is presently refusing to engage in the good faith exchange of discovery and has failed to proceed with the scheduling of depositions.

  As described more fully below, the fact that Plaintiff cannot directly attribute delays to Defendant and was himself the cause of significant delays in this matter makes clear that Defendant is the only Party that stands to be prejudiced in this matter should Your Honor grant Plaintiff's meritless request.

**No Delays Were Directly Caused by Defendant:**[1]

  By way of brief background, Plaintiff filed his Original Complaint on or about September 1, 2020.  (Dckt. No. 1).  Immediately upon being informed of existence of Plaintiff's Original Complaint, present counsel placed a number of calls with Plaintiff's attorney, Don Foty, Esq., who was listed as the main counsel for Plaintiff.  On November 4, 2020, after several attempts by present counsel, Mr. Foty accepted our call and respective counsel stated our theories of the case, explored preliminarily the idea of opening settlement talks, and agreed to stipulate to extend

---

[1] Present counsel denies Plaintiff's counsel's statement that respective counsel has conferred *at all* concerning the issue of tolling.  Nonetheless, Defendant here confirms its disagreement that any such tolling would be appropriate under the circumstances.

Defendant's time to submit an Answer or otherwise move to November 18, 2020 (hereinafter, the "First Extension"). The Parties' First Extension was executed and filed on November 6, 2020, and was granted by Your Honor on November 12, 2020. (Dckt. Nos. 5 & 7).

Also on November 12, 2020, present counsel sent an email correspondence to Plaintiff's counsel seeking to formally open settlement talks and requesting a second stipulated extension specifically for purposes of directly negotiating settlement with opposing counsel. Mr. Foty responded giving his resume as having served on over 100 cases and conditioned any settlement talks on Defendant providing information to which Plaintiff was not entitled, thus stalling any such settlement discussions. Defendant opted to reject Mr. Foty's conditions for discussing settlement, as it required discussing settlement on a class basis and (rejecting Plaintiff's accusation of wrongdoing) Defendant was only prepared to settle Plaintiff's individual claim. Relatedly, on the same date, Mr. Foty noted Plaintiff's intention to immediately seek conditional certification of a class action; however, Plaintiff failed to take any such action until now. Respective counsel, nonetheless, agreed to a second extension of Defendant's time to Answer or otherwise move, which extended Defendant's response date to November 13, 2020 (hereinafter, the "Second Extension"). The Parties' Second Extension was ultimately granted by Your Honor on November 19, 2020. (Dckt. Nos. 8 & 9).

Any early "delays" noted by Plaintiff were a function of agreement between the Parties and were, for Defendant's part, a byproduct of the Parties exploring early resolution of Plaintiff's claims. In addition, as a result of what appeared to Defendant to be an unreasonable unwillingness to meaningfully engage on Plaintiff's part, and because Defendant believed (and continues to maintain) that it had not acted to violate the laws here in question, on November 23, 2020, Defendant opted to file its first Motion to Dismiss Plaintiff's Original Complaint (hereinafter, "First MTD"). (Dckt. No. 10). On December 7, 2020, Plaintiff filed its opposition to Defendant's First MTD and filed an attendant Amended Complaint. (Dckt. Nos. 12 & 13).

On December 18, 2021, Defendant filed its second Motion to Dismiss Plaintiff's Amended Complaint (hereinafter, "Second MTD"). (Dckt. No. 14). For the next several months, Defendant's counsel would attempt to reach out to Plaintiff's counsel by phone and email in hopes of opening settlement discussions, to which Plaintiff never offered a response. On or about July 28, 2021, Judge Cox Arleo decided Defendant's Second MTD, ultimately denying the motion, and set a new due date of September 8, 2021 for Defendant to submit an Answer to Plaintiff's Amended Complaint. (Dckt. Nos. 22 & 23). On September 8, 2021, Defendant timely filed its Answer to Plaintiff's Amended Complaint. (Dckt. No. 24).

On October 19, 2021, Your Honor issued the Parties a revised Pretrial Scheduling Order, which has guided the Parties to date. (Dckt. No. 28). On November 2, 2021, Defendant, again, attempted to open settlement talks with Plaintiff to no avail, making a second offer to settle Plaintiff's claims and sharing, in an electronic communication with bolded and underlined text noting that the communication was "FOR SETTLEMEMT PURPOSES ONLY", the requested

information upon which Mr. Foty had originally conditioned settlement talks.[2]

Receiving no response to its second settlement offer, on November 25, 2021, Defendant made its third and final offer of settlement to Plaintiff, this time pursuant to Rule 68's Offer of Judgment.[3] It was only following receipt of Defendant's Rule 68 Offer of Judgment that Plaintiff's counsel became animated about prosecuting their case. Indeed, nothing done by Defendant would have acted to delay Plaintiff in pursuing conditional certification prior to now – they simply slept on their rights and allowed for the passage of time while purposefully declining to engage in settlement discussions.[4]

Again, any so-called "delays" noted by Plaintiff in support of their request for leave to make a motion to toll the applicable statute of limitations simply cannot be imputed to any inappropriate actions or inactions by Defendant. Moreover, the matter could have long ago been resolved if Plaintiff opted to meaningfully engage when Defendant made several attempts to discuss settlement. Instead, it is Plaintiff that has attempted to extend the length and expand the scope of this matter at every turn. Accordingly, Defendant respectfully requests that this Court deny Plaintiff's request for leave to make a motion regarding the tolling of the statute of limitations in this matter.

**Ongoing Discovery Delays by Plaintiff:**

As instructed by the Judge Cox Arleo in this matter, on February 25, 2022, Defendant sent to Plaintiff's counsel (1) information concerning a would-be class list, noting a total of eight (8) individuals that met Plaintiff's putative class criteria; (2) available dates for the taking of the

---

[2] Unfortunately, Plaintiff's counsel has cherrypicked information from that communication (e.g., the number of potential 1099 employees placed with end-clients by the Company) and has inappropriately used said information to Defendant's detriment, such as in their letter to the Court of December 10, 2021. Of note, Plaintiff's counsel never responded to nor acknowledged receipt of Defendant's settlement offer correspondence. Still, as noted in Defendant's December 14, 2021 letter to Judge Wettre, "it is also highly inappropriate that Plaintiff's counsel would rely on information shared in the course of settlement communications (to which they never responded, and which were marked 'CONFIDENTIAL/ FOR SETTLEMENT PURPOSES ONLY') to make its application to the Court. . . Defendant has made three (3) offers to settle Plaintiff's claims, none of which were even acknowledged by Plaintiff's counsel."

[3] Of note, we shared in our December 14, 2021 correspondence that "Defendant has made three (3) offers to settle the present controversy—in November 2020, November 2021, and the presently contested Rule 68 Offer of Judgment on November 25, 2021. Each offer is for an amount above the amount being claimed by Plaintiff in his Amended Complaint and was meant to circumvent the need for further protracted litigation. When asked, Plaintiff's counsel refused to confirm whether these offers have been directly communicated to their client. Instead, in the single conversation the Parties' respective counsel has engaged in since November of 2020, Plaintiff's counsel threatened to invalidate Defendant's proper Rule 68 Offer in order for the Parties to engage in settlement talks and used this threat to suggest Defendant should withdraw its Rule 68 Offer in exchange for discovery courtesies."

[4] To the point, in oral and electronic exchanges between respective counsel on December 8, 2021, Plaintiff's counsel, Mr. William Hogg, argued that Defendant is creating a conflict between Plaintiff and his counsel through our making of settlement offers, and refused to confirm whether counsel has shared Defendant's settlement offers with their client, as is required by the Rules. To date, Defendant has no way of knowing whether Plaintiff's counsel has informed Plaintiff of Defendant's desire and/or multiple attempts to directly settle his claims.

*Opposition to Request for Tolling of SOL* | Lamb v. BP
Page 4

deposition of Defendant's corporate representative; and (3) follow-up inquiries concerning Defendant's unmet discovery demands to Plaintiff. Plaintiff has failed to respond at all to Defendant's February 25, 2022, correspondence. Further demonstrating that it is Plaintiff that is causing unnecessary delays in this matter, Plaintiff has not provided Defendant with all of its requested discovery to date and has failed to proceed with the scheduling of Party depositions.

First, by way of quick update regarding the class list requested by Plaintiff, Defendant timely delivered the requested information to Plaintiff on Friday, February 25, 2022.[5]

Second, we offered the dates of March 7th and/or March 8th, 2022, for the taking of the deposition of BP's corporate representative and requested dates for the taking of Plaintiff's deposition. Plaintiff's counsel never responded to Defendant's offer of dates nor request for dates for the taking of Party depositions. Again, we see that Plaintiff (and/or his counsel) is choosing to delay on critical aspects of prosecuting his claims, and thus is himself the cause of any alleged "delays" in this matter. Plaintiff, thus, should not be rewarded for his own lack of diligence at Defendant's expense—particularly where, as here, Defendant has made every reasonable effort to resolve the matter without the need for incurring exorbitant costs and fees.

Lastly, there are quite a few issues with Plaintiff's discovery responses, which they were informed about in Defendant's February 25, 2022, letter correspondence. First, Plaintiff's counsel has provided Defendant with nonresponses to virtually all of Defendant's Interrogatories. To the point, Plaintiff fails to provide any response beyond objections and/or stating "Plaintiff's allegations speak for themselves" to Defendant's Interrogatories Nos. 1 through 6 and 10 through 25. These responses are clearly insufficient pursuant to the Rules. Moreover, Plaintiff stated in his response to Interrogatory No. 8 that Plaintiff is "withholding all information related to other employment prior to and following his work for BrahamPutra LLC, since this information is neither relevant as to whether BrahamPutra LLC classified Plaintiff as an independent contractor or failed to pay plaintiffs proper overtime, nor is such information proportional to the needs of the case." Defendant disagrees with Plaintiff's stated objections and has demanded that Plaintiff supplement his responses. We have received no response from Plaintiff's counsel on point to date.

Additionally, Plaintiff only recently shared several documents in response to Defendant's Document Demands, which was delayed for months. Again, Plaintiff's own actions caused the delay in Defendant receiving its requested discovery, seemingly due to Plaintiff's distrust of present counsel's explaining that Defendant never received the flash drive of information Plaintiff's counsel claims to have sent sometime in January of 2022.[6] Of note, on February 10, 2022, following our February 8, 2022 conference before Judge Cox Alreo, Plaintiff's counsel

---

[5] Plaintiff has since attempted to add at least two additional individuals to the case, both of whom have little if any claim to recovery. Of course, Defendant denies and objects to any claims of wage and hour violations for these additional individuals.

[6] Judge Cox Arleo directly addressed this issue during our status conference on February 8, 2022. During the call, Judge Cox Arleo specifically instructed that local counsel must be engaged in all aspects of the case going forward.

sent along a download link that contained 4GBs of information. In the 4BGs of information, there were several issues. As a threshold matter, as is required by the Rules, Plaintiff's counsel has failed to identify to which of Defendant's Document Demands the 10,500+ documents that Plaintiff delivered to Defendant were meant to directly respond. Additionally, while Plaintiff made lengthy objections to Defendant's Document Demands in many instances, Plaintiff has failed to identify whether he is withholding documents based on those objections.[7]

Regarding Plaintiff's document production, there are also several more issues of concern. For example, in the first few hundred documents alone, there are several blank pages and/or partial screenshots that are entirely illegible or lack any visible information.[8] This happens all throughout the thousands of documents Plaintiff has shared, and Defendant cannot make heads or tails of to which Document Requests these screenshots are responsive, if any. Moreover, Plaintiff has marked several documents "confidential" without providing a basis for same nor a privilege log for those documents he is withholding and/or has marked confidential.[9] Plaintiff also has not confirmed whether the blank pages in his production are intentionally left blank.

Based on the forgoing, Defendant requests the Court's intervention to assist the Parties with resolving these discovery disputes. Moreover, Defendant requests the Judge compel Plaintiff to (1) supplement his responses and (2) proceed with the scheduling and the taking of Party depositions. Having reviewed the tens-of-thousands of pages of discovery shared by Plaintiff – not one of which shows Defendant engaging with Plaintiff beyond a payroll function for its end-clients – Defendant here petitions to the Court for assistance so that the Parties may proceed with submitting summary motions as soon as the practicable under the Rules.[10]

Thank you in advance for Your Honor's attention to these issues.

Respectfully,

DAWKINS & WARRINGTON LAW GROUP LLC

_____
CLIFFORD D. DAWKINS, JR.

---

[7] For example, Plaintiff generally provided nonresponses to each and every Document Demand and failed to provide a response at all to Request Nos. 20, 21, 22, 23, 29, 32, 33, 35, 42, 49, 53, 54, 55, 56, 58, and 59.

[8] For example, Defendant identified bates stamped documents D00070-D00164; D05261-D06891.

[9] For example, Defendant identified bates stamped documents D09195-D09218; D09221-D09224; D09953-D09976; D09979-D10003.

[10] Indeed, in the course of discovery, Plaintiff has shared a copy of his signed contract (D004735-D004739), which was electronically signed subsequent to the Offer Letter upon which Plaintiff's Amended Complaint relies. Importantly, Plaintiff's signed contract specifically provides, under Section 5, entitled "Independent Subcontractor Status", that Plaintiff "is an independent [subcontractor], and shall not be deemed, Company's employees [sic]. Subcontractor understands that he or she is not eligible to participate in any employee pension, health, vacation pay, or other fringe benefit plan of Company."