**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **DEREK LAMB on Behalf of Himself and on Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | |
| **V.** | **CIVIL ACTION NO.: 2:20-cv-12145** |
| **BRAHAMPUTRA, LLC,** | |
| **Defendant.** | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EQUITABLE TOLLING</u>

Andrew Glenn, Esq.
JAFFEGLENN LAW GROUP, PA
350 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Tel: (201) 687-9977; Fax: (201) 595-0308
aglenn@jaffeglenn.com

Don J. Foty (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
HODGES & FOTY, LLP
4409 Montrose Boulevard, Suite 200
Houston, Texas 77006
Tel: (713) 523-0001; Fax: (713) 523-1116
dfoty@hftrialfirm.com
whogg@hftrialfirm.com

*Counsel for Plaintiff and Collective Members*

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................ 1

II.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY ..................................... 1

  A.  Motion practice over the pleadings began in November 2020 and was not concluded until September 2021, more than a year after the lawsuit was initially filed. .............................. 1

  B.  Discovery disputes further delayed Plaintiff's ability to move for conditional certification of a collective action.................................................................................................... 2

III.   LEGAL STANDARDS ........................................................................................ 5

IV.   ARGUMENTS AND AUTHORITIES ..................................................................... 7

  A.  Tolling is appropriate to equitably account for Defendant's delay-and-obstruct litigation tactics and would avoid substantial injustice to the putative collective members. .............. 7

    i.  Defendant's discovery delays are proper grounds for tolling.......................................... 9

    ii.  Defendant's multiple motions to dismiss are grounds for tolling.................................. 10

    iii.  Taken together, Defendant's strategic maneuverings to delay Plaintiff's ability to move for conditional certification warrant tolling for the opt-in and putative opt-in plaintiffs. .... 12

  B.  Tolling should also be granted from the date Plaintiff filed the motion for conditional certification through the date notice is issued. .................................................................. 13

  C.  *DePalma v. Scotts Co.* and *Ornelas v. Hooper Holmes* are directly on point and counsel that forward-looking tolling is warranted here. .................................................................. 15

V.    CONCLUSION ................................................................................................ 16

# **TABLE OF AUTHORITIES**

**Cases**

*Abrams v. City of Albuquerque*,
    No. 10-0872 MV/RHS, 2014 WL 11497810 (D.N.M. June 26, 2014) ................................... 10

*Adams v. Inter-Con Sec. Sys.*,
    242 F.R.D. 530 (N.D. Cal. 2007) ................................................................................................ 9

*Antonio-Morales v. Bimbo's Best Produce, Inc.*,
    No. 8:5105 Sec. D, Mag. 2, 2009 U.S. Dist. LEXIS 51833 (E.D. La. Apr. 20, 2009) ............. 13

*Baden-Winterwood v. Life Time Fitness*,
    484 F. Supp. 2d 822 (S.D. Ohio 2007) ....................................................................................... 7

*Baldozier v. Am. Family Mut. Ins. Co.*,
    375 F. Supp. 2d 1089 (D. Colo. 2005) ................................................................................... 9, 13

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
    No. 06-cv-0715, 2007 U.S. Dist. LEXIS 21315 (N.D. Cal. Mar. 6, 2007) ......................... 7, 14

*Bergman v. Kindred Healthcare, Inc.*,
    No. 10 C 191, 2013 U.S. Dist. LEXIS 82238 (N.D. Ill. June 11, 2013) ................................. 14

*Bollentino v. Cellular Sales of Knoxville, Inc.*,
    No. 3:12-CV-138, 2012 U.S. Dist. LEXIS 112132 (E.D. Tenn. Aug. 9, 2012) ...................... 15

*Brock v. Richardson*,
    812 F.2d 121 (3d Cir. 1987) ..................................................................................................... 13

*Brown v. Shannon*,
    322 F.3d 768 (3d Cir. 2003) .................................................................................................... 5, 6

*Cortez v. Medina's Landscaping*,
    No. 00 C 6320, 2002 U.S. Dist. LEXIS 18831 (N.D. Ill. Sept. 30, 2002) ............................... 14

*DePalma v. Scotts Co., LLC*,
    No. 13-7740 (KM) (JAD), 2017 U.S. Dist. LEXIS 8884 (D.N.J. Jan. 20, 2017) .............. 15, 16

*Engel v. Burlington Coat Factory Direct Corp.*,
    No. 1:11cv759, 2013 U.S. Dist. LEXIS 130513 (S.D. Ohio Sept. 12, 2013) .......................... 14

*Gray v. Phillips Petrol. Co.*,
    858 F.2d 610 (10th Cir. 1988) .................................................................................................... 7

*Harris v. NPC Int'l, Inc.*,
    No. 13-1033, 2016 U.S. Dist. LEXIS 84330 (W.D. Tenn. June 29, 2016) ........................ 11, 13

*Helton v. Factor 5, Inc.*,
  No. C 10-04927 SBA, 2011 U.S. Dist. LEXIS 136170 (N.D. Cal. Nov. 22, 2011) ................ 14

*Hoffman-La Roche v. Sperling*,
  493 U.S. 165 (1989) ................................................................................................ 7

*In re Bank of Am. Wage & Hour Emp. Litig.*,
  No. 10-MD-2138-JWL, 2010 WL 4180530 (D. Kan. Oct. 20, 2010) ...................................... 10

*Jones v. Giant Eagle, Inc.*,
  No. 2:18cv282, 2:18cv1534, 2019 U.S. Dist. LEXIS 167658 (W.D. Pa. Sept. 30, 2019) ......... 6

*Jones v. Norton*,
  195 F.3d 153 (3d Cir. 1999) ...................................................................................... 5

*Martinez v. Mendoza*,
  No. 5:17-CV-628-FL, 2019 U.S. Dist. LEXIS 131358 (E.D.N.C. Aug. 6, 2019) ..................... 7

*McGlone v. Contract Callers, Inc.*,
  867 F. Supp. 2d 438 (S.D.N.Y. 2012) .................................................................... 7, 14

*Miller v. N.J. State Dep't of Corr.*,
  145 F.3d 616 (3d Cir. 1998) ...................................................................................... 5

*Murphy v. Labor Source, LLC*,
  No. 19-cv-1929 (ECW), 2022 U.S. Dist. LEXIS 22481 (D. Minn. Feb. 8, 2022) ............ 11, 12

*Ornelas v. Hooper Holmes, Inc.*,
  No. 12-cv-3106, 2014 U.S. Dist. LEXIS 172162 (D.N.J. Dec. 12, 2014) ..................... 7, 14, 16

*Partlow v. Jewish Orphans' Home, Inc.*,
  345 F.2d 757 (9th Cir. 1981) ...................................................................................... 6

*Podobnik v. U.S. Postal Serv.*,
  409 F.3d 584 (3d Cir. 2005) ...................................................................................... 6

*Quintanilla v. A & R Demolition, Inc.*,
  No. H-04-1965, 2006 WL 1663739 (S.D. Tex. June 13, 2006) .................................. 9

*Ruffin v. Entmn't of the E. Panhandle*,
  No. 3:11-CV-19, 2012 U.S. Dist. LEXIS 1511 (N.D. W. Va. Jan. 5, 2012) ...................... 6, 14

*Stickle v. SCI Western Market Support Center, L.P.*,
  No. CV 08-083-PHX-MHM, 2008 WL 4446539 (D. Ariz. Sept. 30, 2008) ........................... 10

*Stransky v. HealthONE of Denver, Inc.*,
  868 F. Supp. 2d 1178 (D. Colo. 2012) .................................................................... 7, 8

*Struck v. PNC Bank*,
  931 F. Supp. 2d 842 (S.D. Ohio 2013) .................................................................. 15

*Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*,
  321 U.S. 590 (1944).................................................................................................. 13

*Waters v. Kryger Glass Co.*,
  No. 09-1003-CV-W-SOW, 2011 WL 13290713 (W.D. Mo. Jan. 12, 2011)........................... 12

*Woodard v. FedEx Freight E., Inc.*,
  250 F.R.D. 178 (M.D. Pa. 2008)............................................................................... 9

*Yahraes v. Restaurant Assocs. Events Corp.*,
  No. 10-CV-935 (SLT), 2011 U.S. Dist. LEXIS 23115 (E.D.N.Y. Mar. 8, 2011) ...................... 6

**Statutes**

29 C.F.R. § 790.21 ......................................................................................................... 7

29 U.S.C. § 256................................................................................................................. 7

29 U.S.C. §§ 201, *et seq.*................................................................................... passim

**Rules**

Fed. R. Civ. P. 26........................................................................................................ 2, 3

## I.   <u>INTRODUCTION</u>

Plaintiff Derek Lamb ("Plaintiff") initiated this action to vindicate not just his own rights under the Fair Labor Standards Act ("FLSA"), but the rights of a group of integrators that were treated in a similar manner in being deprived overtime pay. Plaintiff pursued these claims with due diligence, but has been delayed in seeking to send court-authorized notice to these workers by no fault of Plaintiff's or the class of workers at issue. As a result, if the limitations period for the FLSA claims of these workers is not tolled as a matter of equity, it is likely that virtually all of these workers will be time-barred from pursuing their claims. In the interest of justice, fairness, equity, and to account for unforeseen delays in motion and discovery practice, Plaintiff respectfully requests the Court order that such FLSA claims be equitably tolled.

## II.   <u>RELEVANT BACKGROUND AND PROCEDURAL HISTORY</u>

### A.   **Motion practice over the pleadings began in November 2020 and was not concluded until September 2021, more than a year after the lawsuit was initially filed.**

Plaintiff filed this lawsuit against Defendant BrahamPutra, LLC ("Defendant") seeking unpaid overtime compensation under the FLSA on September 1, 2020, seeking relief individually and on behalf of current and former integrators that have worked for Defendant since September 1, 2017. *See* Dkt. 1.

In response, Defendant filed a motion to dismiss on November 23, 2020 that alleged Plaintiff failed to state a claim under Rule 12 (b)(6)—Defendant largely relied on evidence outside of the pleadings to bring such a motion, and inappropriately attempted to counter the pleaded facts in Plaintiff's Complaint. *See* Dkt. 10. Plaintiff responded in kind by filing an Amended Complaint (Dkt. 13), and filing a response to the motion to dismiss noting it was now moot and the amended pleading is more than sufficient to state a claim under the FLSA. *See* Dkt. 12.

Undeterred, Defendant filed a *second* motion to dismiss on December 18, 2020, largely arguing the same points that were raised in the first motion to dismiss. *See* Dkt. 14. Plaintiff responded on January 5, 2021, noting that Plaintiff had far-surpassed the pleading standards and that Defendant's second motion to dismiss was meritless. *See* Dkt. 15. Defendant replied on January 12, 2021. *See* Dkt. 16.

Approximately six-and-a-half months after the briefing on that motion to dismiss was complete, the Court issued a ruling denying Defendant's motion to dismiss. *See* Dkt. 22. In that Order, District Judge Arleo rejected each of Defendant's arguments asserted in the motion to dismiss. Defendant filed its answer, for the first time, on September 8, 2021 (1 year and 1 week after Plaintiff first filed the lawsuit). *See* Dkt. 24.

**B.      Discovery disputes further delayed Plaintiff's ability to move for conditional certification of a collective action.**

The parties thereafter completed the Rule 26 conference requirement, submitted a joint discovery plan on October 18, 2021, and held a Rule 26 conference before Magistrate Judge Wettre on October 19, 2021.

The Court entered a Pretrial Scheduling Order on October 19, 2021 that set various deadlines, including a deadline of November 2, 2021 for the parties to serve interrogatories and requests for production. *See* Dkt. 28. The Pretrial Scheduling Order also described motion practice procedures, stating that "**No motions are to be filed without prior written permission from this Court, excepting motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met before any motions are filed and the motions will be returned if not met." *Id.* (emphasis in

original). The Pretrial Scheduling Order ended by advising that "**FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS[.]**" *Id.* (emphasis in original).[1]

As directed by the Court during the Rule 26 conference, Plaintiff attempted to confer with Defendant extensively over the ensuing three months about stipulating to conditional certification. At every instance, Defendant either deflected the question or obfuscated, until approximately two-and-a-half months later when Defendant finally refused to stipulate under any circumstance and indicated that Plaintiff would be forced to engage in opposed motion practice over sending court-authorized notice to the integrators. Despite creating the impasse that required motion practice to begin with, Defendant also opposed Plaintiff's ability to file the motion at all. Defendant continues its dilatory tactics in its efforts to cause the statute of limitations to run on most members of the putative class, as is clearly seen in Defendant's opposition to Plaintiff even filing the within Motion.. *See* Dkt. 46.

In accordance with the Pretrial Scheduling Order, Plaintiff served his first set of written discovery on Defendant on November 2, 2021, consisting of interrogatories and requests for production of documents. Defendant answered written discovery on November 22, 2021, largely asserting objections and depriving Plaintiff of salient information as to the putative collective members. For example, Defendant refused to identify or provide Plaintiff with the names and contact information of the putative collective members despite ample case law within this District and surrounding courts stating that it is appropriate to disclose such information before the case is conditionally certified.

---

[1] In other words, Plaintiff was not permitted to file a motion for conditional certification any time he pleased, but instead was required to seek leave before filing such a motion. To file a motion without leave would risk sanctions. Plaintiff complied with this practice in earnest. After fulfilling meet-and-confer requirements, Plaintiff formally asked for permission to file a motion for conditional certification on January 21, 2022. *See* Dkt. 36.

Defendant also refused to produce any employee handbooks or written policies regarding payroll, timekeeping and other basic documents describing the conditions of work for Plaintiff and the putative collective members. These documents were expressly referenced by Defendant in its original offer letter to Plaintiff, which specifically stated "General terms of your employment are described in the BrahamPutra Employee Handbook, as revised from time to time. BrahamPutra expects that you will read and abide by all the guidelines set forth in the employee handbook [] plus any other policies and practices adopted by BrahamPutra from time to time." *See* Dkt. 42-7 at 9. Naturally, Plaintiff requested these documents in written discovery and was met with objections.

Plaintiff initiated meet-and-confer efforts over Defendant's discovery responses, which Plaintiff viewed as deficient and obstructive. Defendant still refused to produce the documents and provide the class list information. Plaintiff then initiated a discovery conference with the Court on December 10, 2021. *See* Dkt. 32. Defendant responded four days later. *See* Dkt. 33. The Court held a discovery dispute resolution conference on January 7, 2022, where Judge Wettre instructed the parties to continue meet and confer efforts and submit a joint letter if the dispute could not be resolved. *See* Minute Entry on Jan. 7, 2022. The parties continued further meet and confer efforts, resolving some disputes but not all, and submitted a joint letter on January 21, 2022. *See* Dkt. 36. Specifically, Defendant finally agreed to provide the names and contact information (including the last known addresses, phone numbers, and email addresses) for the putative collective members, but could not provide a date certain for the disclosure. *Id.* The Court held a conference on February 8, 2022, during which Judge Wettre gave Defendant a deadline of February 25, 2022 to provide the information; the Court memorialized that deadline in an Amended Scheduling Order issued that same day. *See* Dkt. 38. During that conference, Judge Wettre also gave permission for Plaintiff

to file his motion for conditional certification and set Plaintiff's deadline to do so by no later than March 25, 2022. *Id.*

On February 25, 2022, Defense Counsel sent Plaintiff's Counsel a letter identifying eight individuals (including Plaintiff Lamb) that included their names and addresses, but did not include their other contact information. *See* Exhibit A. As to Plaintiff's continued attempts to obtain copies of the employee handbook and other written policies, counsel for Defendant stated that "no written policies, procedures, or employee handbooks were ever developed or disseminated by BP to Plaintiff or any of the [class members] assigned to BO's end-clients. To be sure, there are no documents being withheld by Defendant whatsoever, whether based on privilege or any other basis at this time." *Id.*

A mere three weeks after Defendant finally provided the incomplete Class List, Plaintiff moved for conditional certification. *See* Dkt. 42. Shortly thereafter, Plaintiff conferred with Defendant over Plaintiff's Motion for Equitable Tolling and the parties reached an impasse. Plaintiff requested the Court's permission to file his Motion for Equitable Tolling, which Defendant (yet again) opposed. *See* Dkt. 43; Dkt. 46. The Court granted leave for Plaintiff to file this Motion on March 30, 2022. *See* Dkt. 47.

## III.   LEGAL STANDARDS

Third Circuit case law provides for equitable tolling of the limitations period when it "is demanded by sound legal principles as well as the interests of justice." *Jones v. Norton*, 195 F.3d 153, 159 (3d Cir. 1999). More specifically, a court should grant equitable tolling "when 'principles of equity would make [the] rigid application [of a limitations period] unfair.'" *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (citing *Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998)). As such, equitable tolling is a discretionary doctrine, and a litigant is entitled to

equitable tolling where the plaintiff in some extraordinary way has been prevented from asserting his/her rights. *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005); *see also Brown*, 322 F.3d at 773 (granting equitable tolling when the petitioner has "in some extraordinary way . . . been prevented from asserting his or her rights").

Equitable tolling may be permitted based on the "procedural posture of the case," the basic rationale of such a tolling order is that "'it is within the interests of justice to apply the doctrine of tolling.'" *Jones v. Giant Eagle, Inc.*, No. 2:18cv282, 2:18cv1534, 2019 U.S. Dist. LEXIS 167658, at *7-8 (W.D. Pa. Sept. 30, 2019). To that end, courts have held that the "delay caused by the time required for the court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance[]' justifying application of the equitable tolling doctrine." *Yahraes v. Restaurant Assocs. Events Corp.*, No. 10-CV-935 (SLT), 2011 U.S. Dist. LEXIS 23115, at *4 (E.D.N.Y. Mar. 8, 2011) (internal citations omitted); *see also Jones*, 2019 U.S. Dist. LEXIS 167658, at *8 (granting tolling where the procedural posture of the case "presented significant circumstances to be considered," including a prior stay pending resolution of a motion to transfer and motions to dismiss which "further prolong[ed] the time by which notice of this action [would] be given to the putative collective."); *Ruffin v. Entmn't of the E. Panhandle*, No. 3:11-CV-19, 2012 U.S. Dist. LEXIS 1511, at *6-7 (N.D. W. Va. Jan. 5, 2012) ("Several courts have allowed equitable tolling of FLSA claims where the case's litigation posture has delayed the court's consideration of the motion for conditional certification and notice.") (collecting cases).

Indeed, many courts have equitably tolled FLSA limitations periods when doing so is in the interest of justice. *See, e.g., Partlow v. Jewish Orphans' Home, Inc.*, 345 F.2d 757, 760-61 (9th Cir. 1981) (equitable tolling proper where plaintiffs were without fault and "practical effect of not

tolling the statute would be to bar forever any claim" the employees had against the defendant), *abrogated on other grounds by Hoffman-La Roche v. Sperling*, 493 U.S. 165 (1989); *Gray v. Phillips Petrol. Co.*, 858 F.2d 610, 616 (10th Cir. 1988) (tolling limitations period where plaintiffs were lulled into inaction and defendant did not show that any "significant prejudice" would result from allowing plaintiffs to proceed; defendant was "fully apprised" of the plaintiffs' claims); *Ornelas v. Hooper Holmes, Inc.*, No. 12-cv-3106, 2014 U.S. Dist. LEXIS 172162, at *11-13 (D.N.J. Dec. 12, 2014); *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178 (D. Colo. 2012); *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012); *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 828-29 (S.D. Ohio 2007); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-cv-0715, 2007 U.S. Dist. LEXIS 21315, at *27-29 (N.D. Cal. Mar. 6, 2007).

## IV.   ARGUMENTS AND AUTHORITIES

### A.   Tolling is appropriate to equitably account for Defendant's delay-and-obstruct litigation tactics and would avoid substantial injustice to the putative collective members.

For the putative collective members, who have not yet received notice and largely have not had opportunity to join this action, the limitations period for their FLSA claims are not tolled upon the filing of the Complaint but instead are only tolled once those individuals file a written consent to join the case. *See* 29 U.S.C. § 256; 29 C.F.R. § 790.21(b)(2). Until that time, the limitations period continues to run against each potential collective member. *Id.*; *see also Martinez v. Mendoza*, No. 5:17-CV-628-FL, 2019 U.S. Dist. LEXIS 131358, at *5-6 (E.D.N.C. Aug. 6, 2019) ("Unlike a class action under [Rule 23], where the filing of the complaint tolls the statute of limitations for all of the class members, under the FLSA, the statute of limitations continues running for each individual potential [collective] member until he or she joins the [collective action].") As a result, each day that passed during the extensive motion practice over the pleadings

that was not resolved until more than a year after Plaintiff first filed this lawsuit, and as each day passes without notice being issued, the limitations period wastes the claims of the putative collective members. If Defendant is to be believed, virtually all of the FLSA claims for the putative collective members will have expired without an order equitably tolling their limitations periods. *See* Exhibit A.

Following the unsuccessful motions to dismiss, Defendant also improperly withheld the Class List and other salient information from discovery for an extensive period of time, further delaying Plaintiff's ability to move for conditional certification.[2] Having barred most of the putative class members' claims, Defendant finally provided the Class List (albeit, without all of the promised information) at or near the same time as the putative collective members' claims would all expire. As Plaintiff learned for the first time on February 25, 2022, the applicable FLSA limitations period for virtually all of the seven putative collective members had expired by the time Defendant finally provided Plaintiff with the incomplete Class List. *See* Exhibit A. Accordingly, the claims of the putative collective members have potentially expired through no fault of their own based on meritless motions to dismiss that were initiated by Defendant and through Defendant's refusal to disclose the names and contact information of the workers. *See Stransky*, 868 F. Supp. 2d at 1181-82 (noting that the defendant was "in sole possession of the names and last known physical addresses of all potential Opt-In Plaintiffs . . . allowing Opt-In Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust.").

---

[2]  Plaintiff first requested the Class List in written discovery dated November 2, 2021. Defendant answered that discovery on November 22, 2021. From November 22, 2021 through February 25, 2022 (a period of 95 days), Defendant improperly withheld the Class List from Plaintiff. In addition, Defendant's disclosure on February 25, 2022 was incomplete and did not comply with the Parties' agreement that Defendant would produce the phone numbers and email addresses for the putative collective members. *Compare* Dkt. 36 at 1 (jointly agreeing that Defendant will provide "phone numbers, email addresses, and home addresses" for the putative collective members) *with* Exhibit A (disclosing only home addresses, but no phone numbers or email addresses).

### i.   Defendant's discovery delays are proper grounds for tolling.

Courts in similar circumstances have found tolling appropriate where the defendant refused to supply the named plaintiff with putative collective members' contact information in a timely fashion. *See Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 193 & n.12 (M.D. Pa. 2008) (denying a request for tolling, in part, because the plaintiff did not allege the defendant "engaged in misconduct designed to hinder their ability to file an FLSA claim" such as "refus[ing] to furnish to the named plaintiffs contact information of prospective plaintiffs necessary to facilitate notice of the action" (citing *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007) ("Because plaintiffs have diligently pursued their legal rights by soliciting [contact] information [of potential plaintiffs] from defendants, and defendant's refusal has delayed that pursuit, equitable tolling is appropriate.")); *Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2006 WL 1663739, at *2 (S.D. Tex. June 13, 2006) (granting limited tolling to account for defendants' delay in providing a complete class list following the court's order granting conditional certification); *Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092-93 (D. Colo. 2005) (finding tolling appropriate from the date the plaintiffs filed their original complaint "based on [defendant's] refusal to provide contact information for former employees.")).

The timing of Defendant's Class List disclosure is telling of these strategic delays, as Defendant agreed to produce the information before these limitations period were set to run but continued to withhold it for an extended period anyway. *See* Dkt. 36. Defendant incredibly claimed that it took multiple months to gather the names of just *seven individuals*. Even after conceding Plaintiff was entitled to that information and promising to disclose same, Defendant still withheld that information for several months until the last possible minute, until: (i) after the Court set a

deadline for Defendant to disclose it,[3] and (ii) after Defendant knew the three-year limitations period would have run on virtually all of the putative collective members. What's more, even after waiting so long to finally disclose the Class List, Defendant's disclosure was still incomplete. Defendant's discovery obstruction caused unnecessary delay, and the putative collective members should not have to suffer prejudice because of Defendant's dilatory discovery tactics.

### ii.   Defendant's multiple motions to dismiss are grounds for tolling.

Courts have also concluded that equitable tolling is appropriate where a defendant has brought a motion to dismiss that caused procedural delays that prevented the plaintiff from sending notice in expedient fashion. *See, e.g., Abrams v. City of Albuquerque*, No. 10-0872 MV/RHS, 2014 WL 11497810, at *10-11 (D.N.M. June 26, 2014) (finding that tolling was appropriate where plaintiff, on balance, acted diligently and a motion to dismiss and the decision by the court on that motion delayed the plaintiff's ability to move for certification); *In re Bank of Am. Wage & Hour Emp. Litig.*, No. 10-MD-2138-JWL, 2010 WL 4180530, at *6 (D. Kan. Oct. 20, 2010) ("As a starting point, the court believes that it is appropriate to toll the statute of limitations against both defendants during the pendency of the Bank's substantive motion to dismiss plaintiffs' consolidated complaint. While the court did not formally stay the proceedings once the Bank filed its motion, the court would not have expected plaintiffs to expend time and valuable resources working to notify putative class members of this MDL in the face of a motion to dismiss all counts of the consolidated complaint and in light of the *Fortner* order. To be sure, then, notification in this case has been delayed, through no fault of plaintiffs or their counsel, by the filing and processing of the motion to dismiss."); *Stickle v. SCI Western Market Support Center, L.P.*, No. CV 08-083-PHX-MHM, 2008 WL 4446539, at *22 (D. Ariz. Sept. 30, 2008) (court denied without

---

[3]    Given Defendant's conduct in this case so far, Plaintiff has little doubt that Defendant would have continued to withhold the list of names even longer had the Court not set a hard deadline for the disclosure.

prejudice plaintiffs' motion for expedited collective action notification and directing plaintiffs to re-file the motion after the court resolved anticipated motions to dismiss; thereafter, tolling statute of limitations from the date defendants filed their motions to dismiss through the date plaintiffs re-filed their motion for expedited collective action notification).

For example, in *Harris v. NPC International, Inc.*, the court explained that "[d]uring the three years between the filing of the original complaint and now, the Defendant has very actively litigated this case and strenuously objected at every possible point. Although the rulings have largely not been favorable to the Defendant, the delays have had the effect of making the Plaintiffs' claims a moving target, diminishing them each day to the ever-running statute of limitations." No. 13-1033, 2016 U.S. Dist. LEXIS 84330, at *16 (W.D. Tenn. June 29, 2016). In *Harris*, the defendant moved to dismiss, attempted to appeal the denial of that motion to dismiss, and the plaintiff thereafter moved for conditional certification as well as for equitable tolling. *Id.* at *6. Notably, the plaintiffs argued that putative collective members "would have consented to join the lawsuit earlier had they received timely notice; however, Defendants' procedural maneuverings had prevented it." *Id.* at *7. The court agreed, finding the defendant, "as the keeper of the employment records, is presumably aware of the size of the potential Plaintiff pool and has had time to calculate the possible liability posed by the litigation. Thus, no real prejudice would result from tolling the statute of limitations. Accordingly, this factor weighs in favor of equitable tolling." *Id.* at *16-17. Importantly, the court noted the defendants' "actions have delayed this case such that the Court now considers the motion for equitable tolling over three years after the initial filing." *Id.* at *12.

Similarly, in *Murphy v. Labor Source, LLC*, No. 19-cv-1929 (ECW), 2022 U.S. Dist. LEXIS 22481 (D. Minn. Feb. 8, 2022), the court found that a defendant's "continued motion

practice" including two motions to dismiss and a motion for interlocutory appeal, "caused much of the delay" in the plaintiffs moving for conditional certification. *Id*. at *67-68. "The Court will not punish unidentified opt-ins because [defendant] filed multiple motions and because the Court took some time to rule on those motions, including the Motion for Conditional Certification." *Id.* at *68 (citing *Waters v. Kryger Glass Co.*, No. 09-1003-CV-W-SOW, 2011 WL 13290713, at *7 (W.D. Mo. Jan. 12, 2011) ("The Court is persuaded by the lack of notice to potential plaintiffs and will not penalize plaintiffs or other putative members for its own docket-management determinations.")). The *Murphy* court tolled the limitations period from the date the defendants filed the first motion to dismiss through the date the court granted conditional certification. *Id.* (but denying without prejudice the plaintiffs' request for additional tolling through the conclusion of the opt-in period).

*Harris* and *Murphy* are strikingly similar to Defendant's conduct here, in that Defendant's multiple motions to delay had the effect of delaying this action from moving forward for over a year after Plaintiff initially filed suit.

> ### iii.    Taken together, Defendant's strategic maneuverings to delay Plaintiff's ability to move for conditional certification warrant tolling for the opt-in and putative opt-in plaintiffs.

As in the cases cited above, Defendant's motion practice and obstructive discovery behavior necessarily delayed Plaintiff's ability to move for conditional certification for well over a year, during which the FLSA claims of nearly all of these workers has likely expired. Allowing such a result would be particularly unjust under these circumstances. Defendant should not be rewarded for unilaterally causing delay by filing multiple meritless motions to dismiss, by obstructing Plaintiff's efforts to gather basic evidence in support of conditional certification, and by causing further unwarranted delay by objecting to Plaintiff's ability to even file basic motions.

The potential collective members have been actively prejudiced and harmed by Defendant's dilatory motion practice strategies in this case. Just as the court in *Harris* found, this Court too should find the "interests of justice weigh heavily in favor of tolling the FLSA's statute of limitations as to all opt-in Plaintiffs", 2016 U.S. Dist. LEXIS 84330, at *18, and toll the limitations period for these workers.

The Third Circuit has explained that the FLSA "is part of the large body of humanitarian and remedial legislation enacted during the Great Depression, and has been liberally interpreted. *Brock v. Richardson*, 812 F.2d 121, 123 (3d Cir. 1987). To further the humanitarian and remedial purposes of the FLSA, the statute must not be "interpreted or applied in a narrow, grudging manner." *Id.* at 123-24 (quoting *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)). Here, equitably tolling the limitations period is the only way to prevent inherently unjust results contrary to the remedial and humanitarian purposes of the FLSA of barring these workers from pursuing their claims through no fault of their own.

Plaintiff therefore requests the Court toll the limitations period for a period of 542 days, reflecting the length of time starting from the date Plaintiff filed the Original Complaint on September 1, 2020 through the date Defendant disclosed the names and addresses of the putative opt-in members on February 25, 2022. *See Baldozier*, 375 F. Supp. 2d at 1092-93 (granting equitable tolling from the date the original complaint was filed).

### B.   Tolling should also be granted from the date Plaintiff filed the motion for conditional certification through the date notice is issued.

"**Courts routinely grant equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions.**" *Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. 8:5105 Sec. D, Mag. 2, 2009 U.S. Dist. LEXIS 51833, at *4 (E.D. La. Apr. 20, 2009) (emphasis

added); *see also Engel v. Burlington Coat Factory Direct Corp.*, No. 1:11cv759, 2013 U.S. Dist. LEXIS 130513, at *6 (S.D. Ohio Sept. 12, 2013) (equitably tolling limitations period for collective action members starting from the date the motion for conditional certification was filed); *Cortez v. Medina's Landscaping*, No. 00 C 6320, 2002 U.S. Dist. LEXIS 18831, at *18 (N.D. Ill. Sept. 30, 2002) (describing importance of tolling in FLSA context where "the goal of informing employees of their rights stands a chance of realization only though a tolling rule").

District courts have held that delays in a court making a collective action ruling is justification enough, under either the "extraordinary circumstance" or "interests of justice" analysis, for application of the equitable tolling doctrine. *See, e.g., Ornelas*, 2014 U.S. Dist. LEXIS 172162, at *12-13 (holding that tolling was appropriate due to inherent delay in resolving plaintiffs' motion for conditional certification under either analysis); *Bergman v. Kindred Healthcare, Inc.*, No. 10 C 191, 2013 U.S. Dist. LEXIS 82238, at *23-24 (N.D. Ill. June 11, 2013) ("The long delay in issuing a ruling is an extraordinary circumstance that should not cause the opt-ins to lose out on the potential benefits" of the collective action); *McGlone*, 867 F. Supp. 2d at 445 ("While plaintiffs wishing to pursue their rights cannot sit on them indefinitely, those whose putative class representatives and their counsel are diligently and timely pursuing the claims should also not be penalized due to the courts' heavy dockets and understandable delays in rulings"); *Ruffin*, 2012 U.S. Dist. LEXIS 1511, at *6-7; *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2011 U.S. Dist. LEXIS 136170, at *6-7 (N.D. Cal. Nov. 22, 2011) (equitably tolling FLSA claims where the court was delayed from ruling on conditional certification); *Beauperthuy*, 2007 U.S. Dist. LEXIS 21315, at *29-30 (equitably tolling FLSA claims due to litigation delays).

Given these standards, forward-looking tolling is also warranted in addition to the backwards-looking tolling that should be granted for the lengthy delays caused by Defendant's

strategic motion practice and discovery maneuverings. Here, Plaintiff filed a motion for conditional certification a mere six months after Defendant first answered this lawsuit despite blatant discovery obstruction by Defendant. Plaintiff has expeditiously pursued the rights of putative collective members in this matter. As such, granting forward-looking tolling to prevent further injustice is warranted here, especially where it is "entirely reasonable that putative [collective] members who received no actual notice of the pendency of this action would remain ignorant of the filing deadline." *Struck v. PNC Bank*, 931 F. Supp. 2d 842, 848 (S.D. Ohio 2013).

Finally, Defendant will not be prejudice by equitable tolling. Defendant had "full knowledge that the named Plaintiff brought the suit as a collective action on the date of the filing and was fully aware of its scope of potential liability" and therefore is not "in any way prejudiced by the tolling of the FLSA's statute of limitations for potential opt-ins." *Struck*, 931 F. Supp. 2d at 848 (quotations omitted). Moreover, Defendant will not be prejudiced because "equitable tolling will not increase the number of persons who [have] claims against the Defendant[]. It will simply prevent preclusion of claims based upon delay in discovery and any collective action certification." *Bollentino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-CV-138, 2012 U.S. Dist. LEXIS 112132, at *11-12 (E.D. Tenn. Aug. 9, 2012).

     **C.**     ***DePalma v. Scotts Co.* and *Ornelas v. Hooper Holmes* are directly on point and counsel that forward-looking tolling is warranted here.**

In *DePalma v. Scotts Co., LLC*, Judge McNulty was assessing an objection to Magistrate Judge Dickson's order granting a motion for equitable tolling on virtually identical circumstances as presented here. In that case, the plaintiffs filed their complaint in December 2013, but the initial scheduling conference was pushed out for several months. No. 13-7740 (KM) (JAD), 2017 U.S. Dist. LEXIS 8884, at *2 (D.N.J. Jan. 20, 2017). The parties then engaged in discovery, the plaintiffs filed their conditional certification motion in March 2015, and it was fully briefed by

May 2015. *Id.* The Court ordered the plaintiffs to re-file the motion and several exhibits (which the Court could not access because they were filed under seal) in August 2015. *Id.* at *3. The plaintiffs filed a motion to toll the limitations period four months after re-filing the conditional certification motion. *Id.* Judge Dickson granted the equitable tolling motion, and ordered the limitations period tolling from the date the conditional certification motion was filed until ten days after the Court granted the motion. *Id.*

In adopting Judge Dickson's grant of forward-looking equitable tolling, Judge McNulty discussed another similar case, *Ornelas v. Hooper Holmes, Inc.*, where Judge Pisano tolled the FLSA limitation period during the time that a motion for conditional certification was *sub judice*. *DePalma*, 2017 U.S. Dist. LEXIS 8884, at *10-11. Noting that *Ornelas* involved issues that were "similar to, if not the same as, those presented here. . . . Judge Pisano [correctly] ruled that 'whether this is an "extraordinary circumstance" as provided for by extra-jurisdictional case law or in the "interests of justice" as permitted by the Third Circuit," the plaintiffs had demonstrated that the Court's two-year delay in deciding a motion for conditional certification was sufficient to trigger equitable tolling relief. *Id.* at *11-12 (quoting *Ornelas*, 2014 U.S. Dist. LEXIS 172162, *12-13).

Here, forward-looking tolling is also appropriate to prevent further harm and/or prejudice to the putative collective members in the event Plaintiff's Motion for Conditional Certification is taken under submission for a long period of time.

## V.   **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests the Court grant tolling for the FLSA claims of the putative collective members for a period of 542 days (*i.e.*, from the date Plaintiff filed the Original Complaint through the date Defendant furnished the incomplete class list), as well as forward-looking tolling from the date Plaintiff filed the Motion for Conditional

Certification through the date notice is sent to the putative collective members. Plaintiff further requests any such other relief to which he may be entitled at law or in equity.

Dated: April 7, 2022                                  Respectfully submitted,

/s/ Andrew Glenn
Andrew Glenn, Esq.
JAFFEGLENN LAW GROUP, PA
350 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Tel: (201) 687-9977; Fax: (201) 595-0308
aglenn@jaffeglenn.com

/s/ William M. Hogg
Don J. Foty (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
HODGES & FOTY, LLP
4409 Montrose Boulevard, Suite 200
Houston, Texas 77006
Tel: (713) 523-0001; Fax: (713) 523-1116
dfoty@hftrialfirm.com
whogg@hftrialfirm.com

*Counsel for Plaintiff and Collective Members*

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2022, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Andrew Glenn
Andrew Glenn