**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
*Lamb, et al. v. BrahamPutra, LLC*
Case No. 2:20-cv-12145

# EXHIBIT A



CLIFFORD D. DAWKINS, ESQ.
CLIFF@DAWKINSWARRINGTON.COM
T: (201) 919-5458

February 25, 2022

**VIA ELECTRONIC MAIL**
Andrew Glenn, Esq.
JAFFEGLENN LAW GROUP, PA
33 State Road, Suite A-1
Princeton, New Jersey 08540
aglenn@jaffeglenn.com

William M. Hogg (Pro Hac Vice)
HODGES & FOTY, LLP
4409 Montrose Boulevard, Suite 200
Houston, Texas 77006
whogg@hftrialfirm.com
*Counsel for Plaintiff*

      Re:     **Derek Lamb v. BP Discovery Concerns**

Dear Counsel:

      As you know, we represent BrahamPutra, LLC (hereinafter, "BP" or the "Company") in the above-referenced matter.  As instructed by the Judge in the matter, we write to (1) provide information responsive to Plaintiff's Interrogatory No. 2; (2) to provide available dates for the taking of the deposition of Defendant's corporate representative; and (3) to follow up on Defendant's discovery demands to Plaintiff.  As outlined below, Defendant has not been provided with all of its requested discovery.  **As a consequence, we request your advisement as to when we can receive supplemental responses to Defendant's request as soon as practicable**.

      Foremost, you have requested, and we have agreed to share with you, the list of all 1099 "Integrators" and/or "BTS Engineers" that were placed with BP's end-clients in the three (3) year period preceding the filing of Plaintiff's Original Complaint.  Below, we provide the requested information:

      1. **Alberto Malapira** – Address: ▮▮▮▮▮▮▮▮▮▮▮▮ – Work Location: Saint Louis, KS – Dates of Service: 12/16/2018 - 3/2/2019;
      2. **Deraymion Moore** – Address: ▮▮▮▮▮▮▮▮▮▮▮▮ – Work Location: Saint Louis, KS – Dates of Service: 12/16/2018 – 2/9/2019;
      3. **Daniel Garth** – Address: ▮▮▮▮▮▮▮▮▮▮▮▮ – Work Location:

*Discovery Defalcations | Lamb v. BP*
Page 2

    Cleveland, OH – Dates of Service: 1/6/2019 – 2/9/2019;
4. **Derek Lamb** – Address: ▮▮▮▮▮▮▮▮▮▮ – Work Location: Saint Louis, KS – Dates of Service: 2/18/2018 – 3/2/2019;
5. **Eric Parkes** – Address: ▮▮▮▮▮▮▮▮▮▮ – Work Location: Cleveland, OH – Dates of Service: 1/13/2019 – 2/21/2019;
6. **Robert Quarles** – Address: ▮▮▮▮▮▮▮▮▮▮ – Work Location: Denver, CO – Dates of Service: 12/27/2018 – 1/5/2019;
7. **Gregory White** – Address: ▮▮▮▮▮▮▮▮▮▮ – Work Location: Cleveland, OH – Dates of Service: 1/6/2019 – 12/6/2019; and
8. **Keith Williams** – Address: ▮▮▮▮▮▮▮▮▮▮ – Work Location: Denver, CO – Dates of Service: 12/30/2018 – 2/28/2019.

    Second, **we are here offering the dates of March 7th and/or March 8th, 2022, for the taking of the deposition of BP's corporate representative, Mr. Ranjan Takier**. Kindly confirm your preferred date as soon as practicable so we can confirm with Mr. Takier. Please also provide dates for the taking of Plaintiff's deposition as soon as possible.

    Lastly, there are quite a few issues with Plaintiff's discovery responses. First, you have provided Defendant with nonresponses to virtually all of Defendant's Interrogatories. To the point, Plaintiff fails to provide any response beyond objections and/or stating "Plaintiff's allegations speak for themselves" to Defendants Interrogatories Nos. 1 through 6 and 10 through 25. These responses are insufficient pursuant to the Rules. Moreover, you stated in your response to Interrogatory No. 8 that Plaintiff is "withholding all information related to other employment prior to and following his work for BrahamPutra LLC, since this information is neither relevant as to whether BrahamPutra LLC classified Plaintiff as an independent contractor or failed to pay plaintiffs proper overtime, nor is such information proportional to the needs of the case." Defendant disagrees with your stated objections and here demands the information requested in Interrogatory No. 8.

    Additionally, you only recently shared several documents in response to Defendant's Document Demands. However, in the 4GBs of information shared, there were several issues. As a threshold matter, as is required by the Rules, Plaintiff has failed to identify to which of Defendant's Document Demands the 10,500+ documents that Plaintiff delivered to Defendant were meant to directly respond. Additionally, while you make lengthy objections to Defendant's Document Demands, in many instances, you fail to identify whether you are withholding documents based on those objections. For example, you generally provide nonresponses to each and every Document Demand and fail to provide a response at all to Request Nos. 20, 21, 22, 23, 29, 32, 33, 35, 42, 49, 53, 54, 55, 56, 58, and 59.

    Regarding Plaintiff's document production, there are several more issues of concern. For example, in the first few hundred documents alone, there are several blank pages and/or partial screenshots that are entirely illegible or lack any visible information (see e.g., D00070-D00164; D05261-D06891). This happens all throughout the thousands of documents Plaintiff has shared, and Defendant make heads or tails of to which Requests these screenshots are

responsive. Moreover, you have marked several documents "confidential" without providing a basis for same (see e.g., D09195-D09218; D09221-D09224; D09953-D09976; D09979-D10003). Kindly provide a privilege log for those documents you are withholding and/or have marked confidential, and supplement Plaintiff's discovery responses as soon as practicable. Please also confirm that the blank pages in your production are intentionally left blank.

Additionally, Defendant is here, once again, responding you Plaintiff's February 8, 2022, email correspondence requesting information concerning documents being withheld by Defendant. To be sure, the individuals allegedly involved this controversy were 1099 independent contractors that worked directly with BP's end-clients. Again, no written policies, procedures, or employee handbooks were ever developed or disseminated by BP to Plaintiff or any of the independent contractors assigned to BP's end-clients. To be sure, there are no documents being withheld by Defendant whatsoever, whether based on privilege or any other basis, at this time.

Should you desire to further discuss these discovery issues, please contact me directly at 201.919.5458 or by email at cliff@dawkinswarrington.com.

Thank you in advance for your attention to these requests.

Very truly yours,

DAWKINS & WARRINGTON LAW GROUP LLC

*/s/ Clifford Dawkins, Jr.*
_____
CLIFFORD D. DAWKINS, JR.