## UNITED STATED DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEREK LAMB, On Behalf of Himself and All Others Similarly Situated<br><br>  Plaintiff,<br><br>vs.<br><br>BRAHAMPUTRA LLC<br><br>  Defendant. | Case No.:2:20-CV-12145<br><br>Hon. Madeline Cox Arleo<br><br><br>*(Filed Electronically)* |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EQUITABLE TOLLING**

**DAWKINS & WARRINGTON LAW GROUP**
239 New Road, Suite B205
Parsippany, NJ 07054
T: (201) 919-5458
Cliff@DawkinsWarrington.com
 *Attorneys for Plaintiff*

On the brief: Clifford D. Dawkins, Esq. (ID. NO.: 164792015)

**TABLE OF CONTENTS**

I.  INTRODUCTION……………………………..……………………………..……5

II. PROCEDURAL POSTURE…………………………………………………...……..6

III. SUMMARY OF RELEVANT FACTS......……………………………………………..6

IV. LEGAL ARGUMENTS & AUTHORITIES……………………………………………9

    A. CASELAW IN THE THIRD CIRCUIT AND DISTRICT OF NEW JERSEY SUGGESTS PLAINTIFF'S APPLICATION FOR EQUITABLE TOLLING SHOULD BE DENIED…………………………………………………….........9

    B. PLAINTIFF HAS BEEN AND CONTINUES TO BE THE CAUSE OF SIGNIFICANT DELAYS IN THIS MATTER ……………….…..……………....12

V.  CONCLUSION………………………………………………………………….…18

# TABLE OF ATHORITIES

**CASE LAW**

*Adami v. Cardo Windows, Inc.*, No. 12-2804 (JBS/JS), 2016 U.S. Dist. LEXIS 42152, at *41-42 (D.N.J. Mar. 30, 2016)……………………...…………………………………….……..…..12, 13

*Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 82-83 (D.N.J. 2014)…………………………..13

*Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007)……………………..14

*DePalma v. Scotts Co. LLC*, No. 13-7740, 2017 U.S. Dist. LEXIS 8884, 2017 WL 1243134, at *4 (D.N.J. Jan. 20, 2017)……………………...…………………………………………….…9

*Ding v. Baumgart Rest., Inc.*, Civil Action No. 18-10358, 2020 U.S. Dist. LEXIS 244472, at *17-18 (D.N.J. Dec. 30, 2020)……………………...…………………………………….……12

*Kelly v. Borough of Union Beach*, No. 10-4124, 2011 U.S. Dist. LEXIS 12839, 2011 WL 551170, at *6 (D.N.J. Feb. 8, 2011)…………………………………………….….......….……9

*Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 309 (3d Cir. 1983)…………………....……………9

*Prentice v. Fund for Pub. Interest Research, Inc.*, Civ. 06-7776, 2007 U.S. Dist. LEXIS 71122, 2007 WL 2729187, at *3 (N.D. Cal. Sept. 18, 2007)………………………...…………………..14

*Sanchez v. Santander Bank, N.A.*, No. 17-5775 (PGS)(DEA), 2019 U.S. Dist. LEXIS 198094, at *23 (D.N.J. Nov. 15, 2019) ………………………………………..…………………….....14

*Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)………………………..11

*Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)…..………………..11

*Smith v. Merck & Co.*, Civil Action No. 13-2970 (MAS) (LHG), 2016 U.S. Dist. LEXIS 56166, at *25-28 (D.N.J. Apr. 27, 2016)………………………………………………………………..12

*Thompson v. Real Estate Mortg. Network*, Civil Action No. 11-1494 (KM), 2015 U.S. Dist. LEXIS 199772, at *3-7 (D.N.J. June 29, 2015) …………………………………….…..13

### I.     **INTRODUCTION**

Plaintiff Derek Lamb ("Plaintiff") initiated this action under the Fair Labor Standards Act ("FLSA"), claiming Defendant deprived him and other "Integrators" overtime pay. Since the filing of his Original Complaint, however, Plaintiff has failed to pursue his claims with due diligence and has himself caused significant delays in the process of litigating the present matter. Now, years after Plaintiff's original filing, he now seeks to toll the statute of limitations for the first time. This, after avoiding direct conversation with Defendant's counsel for a full year from November of 2020 through November of 2021 and in spite of Defendant's counsel's attempts to confer with Plaintiff's counsel. Even today, Defendant has offered, for example, the opportunity for the taking of a corporate representative's deposition, as well as made request for dates to take Plaintiff's deposition, none of which Plaintiff has even acknowledged receiving. Indeed, Defendant is eager to get to the substance of this matter and has done everything in its power, including ensured the timely exchange of written discovery, to move this matter along. In light of Plaintiff's own obstructive tactics that resulted in and continue to cause significant delays, Defendant respectfully requests the Court deny Plaintiff's application for equitable tolling.

Moreover, Defendant denies any claims that it was the cause of any of the putative delays broached in Plaintiff's application. Indeed, the significant "delays", as seemingly defined by Plaintiff, are directly attributable to Plaintiff's own actions/inaction. To the point, Plaintiff is presently refusing to engage in the good faith exchange of discovery and has failed to proceed with the scheduling of depositions.

As described more fully below, the fact that Plaintiff cannot directly attribute delays to Defendant and was himself the cause of significant delays in this matter makes clear that Defendant is the only Party that stands to be prejudiced in this matter should Your Honor grant Plaintiff's meritless application.

## II.     PROCEDURAL POSTURE

Plaintiff filed his complaint on September 1, 2020. (ECF No. 1). On November 23, 2020, Defendant filed its Motion to Dismiss under Rule 12(b)(6). (ECF No. 10). On December 7, 2020, Plaintiff filed a First Amended Complaint, as well as his Opposition to Defendants' first Motion to Dismiss. (ECF Nos. 12 & 13). On December 18, 2020, Defendant filed its second Motion to Dismiss. (ECF No. 14). On January 5, 2021, Plaintiff submitted his Opposition to Defendant's second Motion to Dismiss. (ECF No. 14). On July 28, 2021, Your Honor issued an Order denying Defendant's second Motion to Dismiss. (ECF No. 22).

## III.     SUMMARY OF RELEVANT FACTS

By way of brief background, Plaintiff filed his Original Complaint on or about September 1, 2020. (Dckt. No. 1). Immediately upon being informed of existence of Plaintiff's Original Complaint, Defendant's counsel placed a number of calls with Plaintiff's attorneys. On November 4, 2020, after several attempts by present counsel, Plaintiff's counsel accepted Defendant's counsel's call and the Parties' respective counsel explored preliminarily the idea of opening settlement talks and agreed to stipulate to extend Defendant's time to submit an Answer or otherwise move to November 18, 2020 (hereinafter, the "First Extension"). The Parties' First Extension was executed and filed on November 6, 2020, and was granted by Your Honor on November 12, 2020. (ECF Nos. 5 & 7).

Also on November 12, 2020, present counsel sent an email correspondence to Plaintiff's counsel seeking to formally open settlement talks and requesting a second stipulated extension specifically for purposes of directly negotiating settlement with opposing counsel. Plaintiff's counsel improperly conditioned any settlement talks on Defendant providing information to which Plaintiff was not entitled, thus stalling any such settlement discussions. Defendant opted

5

to reject Plaintiff's counsel's conditions for discussing settlement, as it required discussing settlement on a class basis and (rejecting Plaintiff's accusation of wrongdoing) Defendant was only prepared to settle Plaintiff's individual claim. Relatedly, on the same November 12, 2020 date, Plaintiff's noted Plaintiff's intention to immediately seek conditional certification of a class action; however, Plaintiff failed to take any such action until now. Respective counsel, nonetheless, agreed to a second extension of Defendant's time to Answer or otherwise move, which extended Defendant's response date to November 13, 2020 (hereinafter, the "Second Extension"). The Parties' Second Extension was ultimately granted by Your Honor on November 19, 2020. (ECF Nos. 8 & 9).

Any early "delays" noted by Plaintiff were a function of agreement between the Parties and were, for Defendant's part, a byproduct of the Parties exploring early resolution of Plaintiff's claims. In addition, as a result of what appeared to Defendant to be an unreasonable unwillingness to meaningfully engage on Plaintiff's part, and because Defendant believed (and continues to maintain) that it had not acted to violate the laws here in question, on November 23, 2020, Defendant opted to file its first Motion to Dismiss Plaintiff's Original Complaint (hereinafter, "First MTD"). (ECF No. 10). On December 7, 2020, Plaintiff filed its opposition to Defendant's First MTD and filed an attendant Amended Complaint. (ECF Nos. 12 & 13).

On December 18, 2021, Defendant filed its second Motion to Dismiss Plaintiff's Amended Complaint (hereinafter, "Second MTD"). (ECF No. 14). For the next several months, Defendant's counsel would attempt to reach out to Plaintiff's counsel by phone and email in hopes of opening settlement discussions, to which Plaintiff never offered a response. On or about July 28, 2021, Your Honor decided Defendant's Second MTD, ultimately denying the motion, and set a new due date of September 8, 2021 for Defendant to submit an Answer to

Plaintiff's Amended Complaint. (ECF Nos. 22 & 23). On September 8, 2021, Defendant timely filed its Answer to Plaintiff's Amended Complaint. (ECF No. 24).

On October 19, 2021, Your Honor issued the Parties a revised Pretrial Scheduling Order, which has guided the Parties to date. (ECF No. 28). On November 2, 2021, Defendant, again, attempted to open settlement talks with Plaintiff to no avail, making a second offer to settle Plaintiff's claims and sharing, in an electronic communication with bolded and underlined text noting that the communication was "FOR SETTLEMEMT PURPOSES ONLY", the requested information upon which Plaintiff's counsel had originally conditioned settlement talks.[1] Thus, as early as October 19, 2021, if not prior, Plaintiff had in hand the information needed to proceed with an application for conditional certification.

Receiving no response to its second settlement offer, on November 25, 2021, Defendant made its third and final offer of settlement to Plaintiff, this time pursuant to Rule 68's Offer of Judgment.[2] It was only following receipt of Defendant's Rule 68 Offer of Judgment that Plaintiff's counsel became animated about prosecuting their case. Indeed, nothing done by Defendant would have acted to delay Plaintiff in pursuing conditional certification prior to now – they simply slept on their rights and allowed for the passage of time while purposefully declining

---

[1] Unfortunately, Plaintiff's counsel has cherrypicked information from that communication (e.g., the number of potential 1099 employees placed with end-clients by the Company) and has inappropriately used said information to Defendant's detriment, such as in their letter to the Court of December 10, 2021. Of note, Plaintiff's counsel never responded to nor acknowledged receipt of Defendant's settlement offer correspondence. Still, as noted in Defendant's December 14, 2021 letter to Judge Wettre, "it is also highly inappropriate that Plaintiff's counsel would rely on information shared in the course of settlement communications (to which they never responded, and which were marked 'CONFIDENTIAL/ FOR SETTLEMENT PURPOSES ONLY') to make its application to the Court. . . Defendant has made three (3) offers to settle Plaintiff's claims, none of which were even acknowledged by Plaintiff's counsel."

[2] Of note, we shared in our December 14, 2021 correspondence that "Defendant has made three (3) offers to settle the present controversy—in November 2020, November 2021, and the presently contested Rule 68 Offer of Judgment on November 25, 2021. Each offer is for an amount above the amount being claimed by Plaintiff in his Amended Complaint and was meant to circumvent the need for further protracted litigation. When asked, Plaintiff's counsel refused to confirm whether these offers have been directly communicated to their client. Instead, in the single conversation the Parties' respective counsel has engaged in since November of 2020, Plaintiff's counsel threatened to invalidate Defendant's proper Rule 68 Offer in order for the Parties to engage in settlement talks and used this threat to suggest Defendant should withdraw its Rule 68 Offer in exchange for discovery courtesies."

to engage in settlement discussions.³

Again, any so-called "delays" noted by Plaintiff in support of their motion to toll the applicable statute of limitations simply cannot be imputed to any inappropriate actions or inactions by Defendant. Moreover, the matter could have long ago been resolved if Plaintiff opted to meaningfully engage when Defendant made several attempts to discuss settlement. Instead, it is Plaintiff that has attempted to extend the length and expand the scope of this matter at every turn. Accordingly, Defendant respectfully requests that this Court deny Plaintiff's motion requesting the tolling of the statute of limitations in this matter.

### IV.     ARGUMENTS AND AUTHORITIES

#### A. Caselaw in the Third Circuit and District of New Jersey Suggests Plaintiff's Application for Equitable Tolling Should Be Denied.⁴

"Equitable tolling is appropriate 'where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate his rights.'" *Kelly v. Borough of Union Beach*, No. 10-4124, 2011 U.S. Dist. LEXIS 12839, 2011 WL 551170, at *6 (D.N.J. Feb. 8, 2011) (*quoting Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 309 (3d Cir. 1983)). The plaintiff has the burden of establishing "that he exercised reasonable diligence and that equitable tolling is appropriate." *Id*. Tolling is appropriate if "some extraordinary circumstance stood in [the plaintiff's] way." *DePalma v. Scotts Co. LLC*, No. 13-7740, 2017 U.S. Dist. LEXIS 8884, 2017 WL 1243134, at *4 (D.N.J. Jan. 20, 2017). As described more fully below, Plaintiff has failed to describe circumstances that rise to the level of supporting their application for equitable tolling.

---

³ To the point, in oral and electronic exchanges between respective counsel on December 8, 2021, Plaintiff's counsel, Mr. William Hogg, argued that Defendant is creating a conflict between Plaintiff and his counsel through our making of settlement offers, and refused to confirm whether counsel has shared Defendant's settlement offers with their client, as is required by the Rules. To date, Defendant has no way of knowing whether Plaintiff's counsel has informed Plaintiff of Defendant's desire and/or multiple attempts to directly settle his claims.

⁴ Present counsel denies Plaintiff's counsel's statement that respective counsel has conferred *at all* concerning the issue of tolling. Nonetheless, Defendant here confirms its disagreement that any such tolling would be appropriate under the circumstances.

As to the Plaintiff's Motion, Plaintiffs state generally that discovery delays and disputes between the Parties warrant tolling. (Pl. Br. at pp. 2). Plaintiff further argues that Defendant has "refused to produce any employee handbooks or written policies regarding payroll, timekeeping and other basic documents describing the conditions of work for Plaintiff and the putative collective members", which materials Defendant has already responded to explaining they were never created and do not exist. (*See e.g.,* Pl. Br. Exhibit A). Plaintiff nonetheless appears to believe that the Offer Letter, upon which his entire case hinges, serves as evidence of the existence of said materials and that Defendant is withholding same. (Pl. Br. at pp. 8). However, Plaintiff ignores entirely the fact that the actual contract the Plaintiff signed subsequent to receiving Defendant's poorly drafted Offer Letter, which contract was electronically signed subsequent to the Offer Letter and which contract specifically provides, under Section 5 entitled "Independent Subcontractor Status", that Plaintiff "is an independent [subcontractor], and shall not be deemed, Company's employees [sic]. Subcontractor understands that he or she is not eligible to participate in any employee pension, health, vacation pay, or other fringe benefit plan of Company."[5] (*See* a true and accurate copy of Plaintiff's Fully Executed Contract of January 2, 2019 here attached as "**Def. Br. Exhibit A**"). This contract was signed after the date of the Offer Letter upon which Plaintiff hinges his entire claim, and should serve as the controlling document. *See id.* Importantly, the contract makes no mention of handbooks, policies or the like, and specifically notes that Plaintiff is a "Subcontractor" immediately next to the signature line. *Id.*

Importantly, while Plaintiff heavily relies on caselaw from outside of this District to

---

[5] As present counsel has shared, BP is a small company that has been out of operation for a significant amount of time. The company concededly made mistakes in the drafting of their Offer Letter to Plaintiff but corrected and clarified the actual working relationship in the contract subsequently signed and entered into between the Parties, which contract clearly demonstrates the Parties' mutual understanding that Plaintiff was hired as an independent contractor.

9

make persuasive arguments for his application, none of Plaintiff's caselaw is binding on this Court. Plaintiff's heavy reliance on caselaw from other jurisdiction is likely informed by the fact that caselaw on point in our jurisdiction is generally unfavorable to the arguments made in Plaintiff's application for tolling of the statute of limitation. As more specifically addressed below, Defendant here directs the Court's attention to the case law that is here immediately applicable.

Specifically, Plaintiff argues that Defendant did not produce contact information for class members until February 25, 2022, and discovery disputes continue between the parties through present. (Pl. Br. at pp. 5). Plaintiffs argue that these facts closely resemble the facts in other jurisdiction where equitable tolling was allowed in light of procedural delays and discovery disputes. (Pl. Br. at pp. 5-16). However, Plaintiff has not (and cannot) directly attribute any procedural delays to Defendant. Thus, Plaintiff has not established "extraordinary" circumstances, as any delays happening in the normal course of litigating the Parties' claims were minimal and the discovery sought was of marginal relevance to Plaintiff's conditional certification motion.

In the Third Circuit, equitable tolling, if available, can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (citing *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)). More specifically, "[t]his occurs (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id*. (citation omitted). Furthermore,

"[t]he remedy of equitable tolling is extraordinary, and we extend it only sparingly." *Id*. (internal quotation marks omitted).

None of these delineated circumstances are here applicable, as Plaintiff cannot claim Defendant has misled him in any way, has not and cannot claim that Defendant has prevented Plaintiff from asserting his rights, and cannot otherwise claim he filed his complaint in the wrong forum. Like in *Smith v. Merck & Co.*, nothing in the present matter prevented Plaintiff from filing a motion for conditional certification before now—in fact, Plaintiff's counsel broached his intent to file a motion for conditional certification as early as November of 2020. Civil Action No. 13-2970 (MAS) (LHG), 2016 U.S. Dist. LEXIS 56166, at *25-28 (D.N.J. Apr. 27, 2016). As in *Smith*, this Court should find that "[a]lthough the Court agrees that Plaintiffs were entitled to this discovery, this does not necessarily mean that the discovery was needed before the Plaintiffs filed their motion for conditional certification." *Id.* Moreover, like in *Smith*, this Court should find that the circumstances of this matter do not rise to the level of "extraordinary" and deny Plaintiff's application "considering the high standard for equitable tolling and acknowledging that the Third Circuit has not weighed in on this issue", especially in light of the fact that Plaintiff's counsel refused to engage Defendant's counsel for over a year, despite present counsel's efforts to confer. *Id.* at *28.

Of note, this Court has also declined to grant equitable tolling under similar circumstance in a number of recent cases. *Ding v. Baumgart Rest., Inc.*, Civil Action No. 18-10358, 2020 U.S. Dist. LEXIS 244472, at *17-18 (D.N.J. Dec. 30, 2020) ("Plaintiffs . . . fail to provide any further information or explanation as to how [delays in the exchange of discovery] impacted Plaintiffs' ability to vindicate their rights or otherwise amounts to an extraordinary circumstance. As a result, the Court will not toll the statute of limitations at this time."); *Adami v. Cardo Windows,*

*Inc.*, No. 12-2804 (JBS/JS), 2016 U.S. Dist. LEXIS 42152, at *41-42 (D.N.J. Mar. 30, 2016) (denying Plaintiff's motion for equitable tolling under the FLSA); *see also*, *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 82-83 (D.N.J. 2014) (same); *Thompson v. Real Estate Mortg. Network*, Civil Action No. 11-1494 (KM), 2015 U.S. Dist. LEXIS 199772, at *3-7 (D.N.J. June 29, 2015) ("[T]he Court concludes that the motion to toll the statute of limitations is premature and will deny it without prejudice.  Moreover, Plaintiff will not be prejudiced if the statute of limitations as to putative plaintiffs is denied at this time.").

Akin the procedural posture of the present matter, the facts of the *Adami* case are here instructive.  In *Adami*, as here, the plaintiff claimed that the defendant purposefully was attempting to run the clock on unknown potential class members by putatively refusing to share names and contact information for potential class members.[6] *Adami*, 299 F.R.D. at 82-83.  More specifically, as Plaintiff does here, the plaintiffs in Adami argued that Defendant had purposefully withheld contact information.  *Id*.  Finding Plaintiff's argument unpersuasive, the *Adami* Court denied the plaintiffs' application, providing the following rationale that is here readily applicable:

> For two reasons, **the Court finds that Defendants' failure to provide potential plaintiffs' names and contact information prior to conditional certification does not itself justify tolling the statute of limitations period**.  First, "Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period." *Woodard v. FedEx Freight E., Inc.*, 250 F.R.D. 178, 194 (M.D. Pa. 2008).  Second, granting the remedy of equitable tolling any time the defendant fails to provide contact information effectively would require that the statute of limitations for FLSA claims be tolled for all potential

---

[6] Of note, Defendant shared with opposing counsel and the Court the fact of Defendant's corporate representative coming down with a bout of COVID-19 and ultimately losing a family member in his home to the virus.  Thus, Your Honor granted an extension until February 25, 2022 to have the putative class list to Plaintiff's counsel, which information Defendant timely shared with opposing counsel.

12

> plaintiffs whenever plaintiff files the complaint. *See Amendola v. Bristol—Myers Squibb Co.*, 558 F. Supp. 2d 459, 480 (S.D.N.Y. 2008). Such a requirement is contrary to the clear language of 29 U.S.C. § 256. Therefore, the Court will not grant Plaintiffs' request to equitably toll the statute of limitations.

[*Id*. (emphasis added).]

To the point, the *Adami* Court further explained that "the Third Circuit has not addressed whether equitable tolling is appropriate where defendant fails to disclose the names of potential collective action members, and courts outside the Circuit are divided. *Id*. (citing *Adams v. Inter-Con Sec. Sys., Inc*., 242 F.R.D. 530, 543 (N.D. Cal. 2007) (noting that "defendant is only required to provide potential plaintiffs' contact information after conditional certification of the collective class," but applying equitable tolling to counter "the advantage defendants would otherwise gain by withholding potential plaintiffs' contact information until the last possible moment"); *Prentice v. Fund for Pub. Interest Research, Inc.*, Civ. 06-7776, 2007 U.S. Dist. LEXIS 71122, 2007 WL 2729187, at \*3 (N.D. Cal. Sept. 18, 2007) ("If refusal to disclose contact information is sufficient basis to grant equitable tolling, either the FLSA statute of limitations is meaningless or the Courts are reading a disclosure requirement into the FLSA where the statute does not contain such a requirement.")).

Moreover, granting Plaintiff's application for equitable tolling risks the unwitting issuance of an unintentional "advisory opinion". *See Sanchez v. Santander Bank, N.A.*, No. 17-5775 (PGS)(DEA), 2019 U.S. Dist. LEXIS 198094, at \*23 (D.N.J. Nov. 15, 2019) (denying the plaintiff's motion for equitable tolling and explaining, "The potential opt-in Plaintiffs are not before the Court. Consequently, any decision as to them would constitute an impermissible advisory opinion."); *see also*, *Thompson*, Civil Action No. 11-1494 (KM), 2015 U.S. Dist. LEXIS at \*3-7 ("[T]o equitably toll the statute of limitations for potential opt-in plaintiffs would

amount to an impermissible advisory opinion."). According to the Court in *Thompson*, this is because "[t]olling the statute of limitations for plaintiffs who have not yet filed claims—i.e., collective members who have yet to opt-in to this action, and may never do so—would amount to an improper advisory opinion.").

Based on the foregoing, Plaintiff's motion for equitable tolling should be denied in its entirety as a matter of law.

**B. Plaintiff Has Been and Continues to be the Cause of Significant Delays in This Matter.**

As instructed by the Judge Cox Arleo in this matter, on February 25, 2022, Defendant sent to Plaintiff's counsel (1) information concerning a would-be class list, noting a total of eight (8) individuals that met Plaintiff's putative class criteria; (2) available dates for the taking of the deposition of Defendant's corporate representative; and (3) follow-up inquiries concerning Defendant's unmet discovery demands to Plaintiff. Plaintiff has failed to respond at all to Defendant's February 25, 2022, correspondence. Further demonstrating that it is Plaintiff that is causing unnecessary delays in this matter, Plaintiff has not provided Defendant with all of its requested discovery to date and has failed to proceed with the scheduling of Party depositions.

First, by way of quick update regarding the class list requested by Plaintiff, Defendant timely delivered the requested information to Plaintiff on Friday, February 25, 2022.[7]

Second, we offered the dates of March 7th and/or March 8th, 2022, for the taking of the deposition of BP's corporate representative and requested dates for the taking of Plaintiff's deposition. Plaintiff's counsel never responded to Defendant's offer of dates nor request for dates for the taking of Party depositions. Again, we see that Plaintiff (and/or his counsel) is choosing to delay on critical aspects of prosecuting his claims, and thus is himself the cause of

---

[7] Plaintiff has since attempted to add at least two additional individuals to the case, both of whom have little if any claim to recovery. Of course, Defendant denies and objects to any claims of wage and hour violations for these additional individuals.

14

any alleged "delays" in this matter. Plaintiff, thus, should not be rewarded for his own lack of diligence at Defendant's expense—particularly where, as here, Defendant has made every reasonable effort to resolve the matter without the need for incurring exorbitant costs and fees.

Lastly, there are quite a few issues with Plaintiff's discovery responses, which they were informed about in Defendant's February 25, 2022, letter correspondence. First, Plaintiff's counsel has provided Defendant with nonresponses to virtually all of Defendant's Interrogatories. To the point, Plaintiff fails to provide any response beyond objections and/or stating "Plaintiff's allegations speak for themselves" to Defendant's Interrogatories Nos. 1 through 6 and 10 through 25. These responses are clearly insufficient pursuant to the Rules. Moreover, Plaintiff stated in his response to Interrogatory No. 8 that Plaintiff is "withholding all information related to other employment prior to and following his work for BrahamPutra LLC, since this information is neither relevant as to whether BrahamPutra LLC classified Plaintiff as an independent contractor or failed to pay plaintiffs proper overtime, nor is such information proportional to the needs of the case." Defendant disagrees with Plaintiff's stated objections and has demanded that Plaintiff supplement his responses. We have received no response from Plaintiff's counsel on point to date.

Additionally, Plaintiff only recently shared several documents in response to Defendant's Document Demands, which was delayed for months. Again, Plaintiff's own actions caused the delay in Defendant receiving its requested discovery, seemingly due to Plaintiff's distrust of present counsel's explaining that Defendant never received the flash drive of information Plaintiff's counsel claims to have sent sometime in January of 2022.[8] Of note, on February 10, 2022, following our February 8, 2022 conference before Judge Cox Alreo, Plaintiff's counsel

---

[8] Judge Cox Arleo directly addressed this issue during our status conference on February 8, 2022. During the call, Your Honor specifically instructed that local counsel must be engaged in all aspects of the case going forward.

15

sent along a download link that contained 4GBs of information. In the 4BGs of information, there were several issues. As a threshold matter, as is required by the Rules, Plaintiff's counsel has failed to identify to which of Defendant's Document Demands the 10,500+ documents that Plaintiff delivered to Defendant were meant to directly respond. Additionally, while Plaintiff made lengthy objections to Defendant's Document Demands in many instances, Plaintiff has failed to identify whether he is withholding documents based on those objections.[9]

Regarding Plaintiff's document production, there are also several more issues of concern. For example, in the first few hundred documents alone, there are several blank pages and/or partial screenshots that are entirely illegible or lack any visible information.[10] This happens all throughout the thousands of documents Plaintiff has shared, and Defendant cannot make heads or tails of to which Document Requests these screenshots are responsive, if any. Moreover, Plaintiff has marked several documents "confidential" without providing a basis for same nor a privilege log for those documents he is withholding and/or has marked confidential.[11] Plaintiff also has not confirmed whether the blank pages in his production are intentionally left blank.

Based on the forgoing, Defendant requests the Court's intervention to assist the Parties with resolving these discovery disputes. Moreover, Defendant requests the Judge compel Plaintiff to (1) supplement his responses and (2) proceed with the scheduling and the taking of Party depositions. Having reviewed the tens-of-thousands of pages of discovery shared by Plaintiff – not one of which shows Defendant engaging with Plaintiff beyond a payroll function for its end-clients – Defendant here petitions to the Court for assistance so that the Parties may proceed with submitting summary motions as soon as practicable under the Rules.

---

[9] For example, Plaintiff generally provided nonresponses to each and every Document Demand and failed to provide a response at all to Request Nos. 20, 21, 22, 23, 29, 32, 33, 35, 42, 49, 53, 54, 55, 56, 58, and 59.
[10] For example, Defendant identified bates stamped documents D00070-D00164; D05261-D06891.
[11] For example, Defendant identified bates stamped documents D09195-D09218; D09221-D09224; D09953-D09976; D09979-D10003.

## V.    CONCLUSION

    For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss in its entirety.


DATED:  April 18, 2022

                Respectfully submitted,

                **DAWKINS & WARRINGTON LAW GROUP**

                /s/ Clifford D. Dawkins, Jr.
                Clifford D. Dawkins, Esq. (ID. NO.: 164792015)
                239 New Road, Suite B205
                Parsippany, NJ 07054
                T: (201) 919-5458
                Cliff@DawkinsWarrington.com
                *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on April 18, 2022, I filed this document through the District of New Jersey CM/ECF system which will serve a true copy on all parties of record via electronic mail.

*/s/* Clifford D. Dawkins, Jr.
Clifford D. Dawkins, Esq.