

4409 MONTROSE BLVD., STE. 200
HOUSTON, TX 77006
WWW.HFTRIALFIRM.COM

PHONE: (713) 523-0001
FAX: (713) 523-1116
TOLL FREE: (877) 342-2020

April 25, 2022

**Via ECF Filing**
The Honorable Leda Wettre
United States Magistrate Judge

    Re:    *Lamb v. BrahamPutra, LLC*, Case No. 2:20-cv-12145, In the United States District Court for the District of New Jersey

Dear Judge Wettre:

    The below-signed attorneys represent Plaintiff Derek Lamb, the Opt-in Plaintiffs, and the putative collective members in the above-referenced matter, which was filed as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiff submits this letter in advance of the status conference scheduled for May 2, 2022 at 3:30 p.m. EST.

    Following the last conference with Your Honor, Defendant BrahamPutra LLC provided a list of eight (8) total putative opt-in members, one of which was Named Plaintiff Lamb. *See* Dkt. 48-2. Despite the parties' previous agreement that Defendant would provide "phone numbers, email addresses, and home addresses" of the putative collective members, *see* Dkt. 36, Defendant instead provided only the names and addresses. *See* Dkt. 48-2. Thereafter, Eric Parkes and DeRaymion Moore (by and through Talitha Moore) filed their consents to join the collective action on March 8, 2022 and March 18, 2022, respectively. *See* Dkt. Nos. 39 and 44.

    On March 18, 2022, Plaintiff filed his Motion for Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b). *See* Dkt. 42. Defendant never filed a response opposing Plaintiff's Motion for Conditional Certification prior to or following the noticed motion day. Plaintiff therefore requested the Court deem the Motion for Conditional Certification as unopposed. *See* Dkt. 50. That Motion is therefore presumed to be fully briefed, unopposed, and is under consideration by the Court.

    After being granted permission to file a motion for equitable tolling (*see* Dkt. 47), Plaintiff also filed his Motion for Equitable Tolling on April 7, 2022, wherein Plaintiff asked the Court to equitably toll the FLSA limitations periods for the putative collective members to account for substantial delays due to Defendant's motion practice and discovery ~~tactics~~delays. *See* Dkt. 48. Defendant filed its opposition brief to that motion on April 18, 2022 (*see* Dkt. 49), and Plaintiff anticipates filing a short reply brief today in accordance with L.Civ.R. 7.1(d)((3). That noticed motion day for that Motion for Equitable Tolling is May 2, 2022. *See* Dkt. 48. As such, that Motion will be fully briefed as of the date of the scheduled conference.

    Plaintiff has participated in discovery to the fullest practicable extent and in good faith. Plaintiff has answered all of Defendant's written discovery, has asserted valid and specific objections where appropriate, and has produced over 10,000 pages of documents in response to Defendant's discovery requests. Additionally, Plaintiff has specifically requested that Defendant

confer with Plaintiff over a list of appropriate search terms to ease the burden for Plaintiff to search for additional responsive documents, which Defendant has declined. ~~P~~Plaintiff reached out to Defendant and set up and confer with Defendant regarding discovery issues.  The conversation was preliminary, and there were no follow up communications.  Plaintiff has ~~also~~ fully answered Defendant's interrogatories to the extent not objected to. The grounds for Plaintiff's discovery objections were specifically and fully spelled out for Defendant. If Defendant wants to further confer with Plaintiff over those objections, Plaintiff is of course willing to confer, but Defendant has not himself requested any such conference and has made no attempts to subsequently reach out to Plaintiff's Counsel to discuss those objections in an effort to resolve Defendant's purported dispute with them. Instead, Defendant merely notes in court filings that it is displeased with Plaintiff's discovery responses, but has in actuality taken no steps of his own that would resolve any purported displeasure. Plaintiff remains open and willing to further confer with Defendant over remaining discovery issues ~~if and when Defendant ever feels compelled to do so~~.

Defendant, on the other hand, continues to claim that all responsive documents have been produced by Defendant despite clear indicators that there are additional documents in Defendant's possession that Defendant refuses to produce. *See, e.g.,* Dkt. 48-1 at 13 n. 8. To date, Defendant has produced a total of 65 pages of documents in response to Plaintiff's requests for production. Defendant has not produced any employee handbooks or written policies, which were explicitly referenced in Plaintiff's offer letter of employment as well as opt-in member Parkes's offer letter of employment. *See* Dkt. 42-7 at 9-10; Dkt. 42-8 at 7-8. Defendant has not produced any payroll records, nor all documents upon which Defendant relied to calculate pay for Plaintiff. Defendant has produced no records for any of the opt-in members, despite Plaintiff's requests specifically asking for such documents. Defendant has produced only a handful of email correspondence, despite Plaintiff copying Defendant's employees on numerous emails which are reflected in Plaintiff's document production but are not found in Defendant's document production.

While Defendant offered to put up a corporate representative for deposition with ten days' warning (*see* Dkt. 48-2 at 3, which was the first time in this litigation that Defendant ever offered a deposition date at all), it was clear that Defendant's offer to do so was based on the hope that preventing Plaintiff's access to relevant documents would hamper Plaintiff's ability to comprehensively depose the designated corporate representative (*i.e.*, that Plaintiff would not be able to ask Defendant about documents that Defendant had not yet produced). Plaintiff therefore decided to move forward with briefing conditional certification rather than depose a corporate representative without the benefit of company policies and documentation regarding company practices, which would only lead to being forced to suspend the deposition until such documents are produced.

In short, there is still much discovery that needs to be completed on Defendant's side, and Plaintiff will make every effort to avoid court intervention in those efforts. However, unless Defendant willingly provides the documents it clearly has (but claims not to have) in its possession, custody, or control, it may be necessary to engage in motion practice over the issue.

Plaintiff thanks the Court for its consideration and looks forward to the conference on May 2, 2022.

Dated: April 25, 2022                                    Respectfully submitted,

 /s/ Andrew Glenn
Andrew Glenn, Esq.
JAFFEGLENN LAW GROUP, PA
~~33 State Road, Suite A 1~~300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Tel: (201) 687-9977; Fax: (201) 595-0308
aglenn@jaffeglenn.com

/s/ William M. Hogg
Don J. Foty (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
HODGES & FOTY, LLP
4409 Montrose Boulevard, Suite 200
Houston, Texas 77006
Tel: (713) 523-0001; Fax: (713) 523-1116
dfoty@hftrialfirm.com
whogg@hftrialfirm.com

*Counsel for Plaintiff and Collective Members*

CC:     All Counsel of Record via ECF Filing.

## CERTIFICATE OF FILING AND SERVICE

    I hereby certify that on April 25, 2022, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

 */s/ Andrew Glenn*
Andrew Glenn, Esq.