UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEREK LAMB on Behalf of Himself and on Behalf of All Others Similarly Situated,**<br><br>　　Plaintiff,<br><br>V.<br><br>**BRAHAMPUTRA, LLC,**<br><br>　　Defendant. | CIVIL ACTION NO.: 2:20-cv-12145 |

**PLAINTIFF'S REPLY IN SUPPORT OF EQUITABLE TOLLING (Dkt. 48)**

**TABLE OF CONTENTS**

I.　SUMMARY ............................................................................................................................ 1

II.　ARGUMENTS AND AUTHORITIES ................................................................................ 2

　A.　Tolling comports with and furthers the FLSA's broad remedial purpose. ........................... 2

　B.　Equitable tolling does not constitute an advisory opinion here because there are two Opt-in Members presently before the Court to whom tolling would apply in practice. .................. 3

　C.　The Court can and should rely on case law that is well-reasoned and on-point, even if it is from courts outside of the District of New Jersey. Defendant's motion practice and discovery conduct in this case warrants tolling. .................................................................. 7

　D.　Defendant concedes that forward-looking tolling is appropriate. ...................................... 10

　E.　Defendant's complaints about Plaintiff's discovery efforts are misplaced here. Unlike Defendant, Plaintiff has complied with discovery in good faith and continues to do so. ... 11

III.　CONCLUSION .................................................................................................................. 13

**TABLE OF AUTHORITIES**

**Cases**

*Adami v. Cardo Windows, Inc.*,
  299 F.R.D. 68 (D.N.J. 2014) ................................................................................. 8

*Am. C.L. Union v. Mukasey*,
  534 F.3d 181 (3d Cir. 2008) ................................................................................. 5

*Brock v. Richardson*,
  812 F.2d 121 (3d Cir. 1987) ................................................................................. 2

*Depalma v. Scotts Co. LLC*,
  2017 U.S. Dist. LEXIS 8884 (D.N.J. Jan. 20, 2017) ............................................ 3

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ............................................................................... 10

*Halle v. W. Penn Allegheny Health Sys. Inc.*,
  842 F.3d 215 (3d Cir. 2016) ................................................................................. 3

*Hoffman-La Roche Inc. v. Sperling*,
  493 U.S. 165 (1989) ............................................................................................. 2

*Holmberg v. Armbrecht*,
  327 U.S. 392 (1946) ............................................................................................. 4

*Messenger v. Cabot Oil & Gas Corp.*,
  2021 U.S. Dist. LEXIS 114753 (M.D. Pa. June 21, 2021) .................................. 4

*Olivieri v. Y.M.F. Carpet, Inc.*,
  897 A.2d 1003 (N.J. 2006) ................................................................................... 6

*Ramadan v. Chase Manhattan Corp.*,
  156 F.3d 499 (3d Cir. 1998) ................................................................................. 4

*Sack v. Tsokantas*,
  2021 U.S. Dist. LEXIS 138580 (D.N.J. July 26, 2021) ....................................... 6

*Sanchez v. Santander Bank, N.A.*,
  2019 U.S. Dist. LEXIS 198094 (D.N.J. Nov. 15, 2019) .............................. 4, 6, 11

*Sec'y United States DOL v. Am. Future Sys.*,
  873 F.3d 420 (3d Cir. 2017) ................................................................................. 2

*Sperling v. Hoffman-La Roche, Inc.*,
  145 F.R.D. 357 (D.N.J. 1992) .............................................................................. 3

*Tennessee Coal, Iron & Railroad Co. v. Muscoda Local No. 123*,
  321 U.S. 590 (1944) ............................................................................................. 2

*Thompson v. Real Estate Mortg. Network*,
  2015 U.S. Dist. LEXIS 199772 (D.N.J. June 29, 2015) ...................................... 6


**I.    SUMMARY**

Defendant BrahamPutra LLC ("Defendant") unsurprisingly opposes tolling the putative collective members' statutes of limitations, instead enjoying the unilaterally-caused benefit of these workers' valuable claims diminishing (if not extinguishing) through no fault of the workers. While Defendant's arguments are not entirely clear or cohesive, Defendant appears to argue that tolling should not issue because this Court should simply disregard persuasive legal opinions from around the country on this issue and apply the Fair Labor Standards Act ("FLSA") in a grudging and narrow manner, because tolling would constitute an impermissible advisory opinion, and because of what Defendant characterizes as "self-caused" delays due to Plaintiff's rejection of Defendant's previous attempts to settle this case for pennies on the dollar.

Firstly, tolling would not be advisory here because two putative collective members have joined this action as Opt-in Members. Those individuals are before the Court, and the issue of whether to toll their respective FLSA limitations periods is ripe for review. The Court can and should consider whether Defendant's conduct has diminished or otherwise caused those Opt-in Members' FLSA claims to expire through no fault of their own. As a happenstance, a decision tolling the Opt-in Members' claims will have an equal effect on any other putative collective members that may join this action going forward as Defendant would thereafter be estopped from re-litigating the issue presently before the Court. Plaintiff does not seek an advisory opinion, but the Court's decision will necessarily speak to whether the FLSA claims for other putative collective members should be tolled as well.

Defendant conveniently ignores that *it* unnecessarily caused over a years' worth of delay in this case through multiple meritless motions to dismiss and by obstructing Plaintiff's discovery efforts. The types of delays caused by Defendant here are not routine delays inherent to litigation,

but rather are extraordinary delays that typically warrant tolling. The Court should not permit Defendant to benefit from its gamesmanship that has needlessly delayed conditional certification. Indeed, tolling the putative collective members' statutes of limitations effectuates the FLSA's remedial purpose.

Finally, Defendant does not oppose Plaintiff's request for forward-looking tolling from the date Plaintiff filed his Motion for Conditional Certification through the date the Court rules on that Motion. As such, Plaintiff's Motion for Equitable Tolling should also be granted in that regard. Defendant's remaining arguments asserted in its response brief are irrelevant and underscore the reasoning underlying Plaintiff's request.

Accordingly, the Court should grant Plaintiff's Motion and equitably toll the opt-in and putative opt-in members' limitations period for a period of 542 days to account for look-back tolling based on Defendant's litigation maneuverings that have caused unnecessary delay in this action, and should also grant forward-looking tolling.

## II.     ARGUMENTS AND AUTHORITIES

### A.     Tolling comports with and furthers the FLSA's broad remedial purpose.

As noted by the Supreme Court, the benefits of a collective action depend upon potential collective members "receiving accurate and timely notice" of their potential claims. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) ("The broad remedial goal of the statute should be enforced to the full extent of its terms."); *Brock v. Richardson*, 812 F.2d 121, 123 (3d Cir. 1987) (emphasizing the FLSA "is part of the large body of humanitarian and remedial legislation enacted during the Great Depression, and has been liberally interpreted." (citing *Tennessee Coal, Iron & Railroad Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)); *Sec'y United States DOL v. Am. Future Sys.*, 873 F.3d 420, 426 (3d Cir. 2017) (same).

Indeed, "[a] district court's early intervention in the preparation and distribution of notice to potential plaintiffs serves the legitimate purposes" of the FLSA collective action mechanism. *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016). Importantly, because a plaintiff's statute of limitations under the FLSA are not tolled until they affirmatively opt-in to a collective action by filing their written consent, "[o]pt-in plaintiffs' FLSA claims are . . . particularly vulnerable to the running of the statute of limitations while motions for conditional certification and notice remain undecided." *Depalma v. Scotts Co. LLC*, 2017 U.S. Dist. LEXIS 8884, at *4 (D.N.J. Jan. 20, 2017). "That delay potentially creates a trap for opt-in plaintiffs: an opt-in's FLSA claim may become untimely prior to her having received court-authorized notice, because the filing on the collective action complaint has no tolling effect as to her claims." *Id.*

"Tolling of the statute of limitations in [FLSA collective] actions is supported by the remedial and humanitarian nature of the [FLSA]'." *Sperling v. Hoffman-La Roche, Inc.*, 145 F.R.D. 357, 365 (D.N.J. 1992). "Failure to permit tolling of the statute of limitations . . . would undermine the notice procedure sanctioned by the [Supreme] Court." *Id.* "In the absence of tolling, dissemination of notice could be an act of futility because the statute of limitations would bar those plaintiffs who did not file their consents within the limitations period." *Id.*

Give the benefits of a FLSA collective action depend upon potential collective members "receiving accurate and timely notice" of their potential claims, tolling their limitations periods effectuates the "broad and remedial purpose" of the FLSA be ensuring potential plaintiffs' claims are not left to expire before they even receive notice of their opportunity to join and assert their rights in a FLSA collective action.

**B.      Equitable tolling does not constitute an advisory opinion here because there are two Opt-in Members presently before the Court to whom tolling would apply in practice.**

Defendant claims that tolling the FLSA limitations period for putative opt-in members would be an impermissible advisory opinion because a number of those potential plaintiffs have not yet joined the case and are not yet before the Court. *See* Dkt. 49 at 13. But it is "w well-established principle of law that equitable tolling doctrines are 'read into every federal statute of limitation.'" *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 504 (3d Cir. 1998) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 396-97 (1946)); *see Messenger v. Cabot Oil & Gas Corp.*, 2021 U.S. Dist. LEXIS 114753, at *18 (M.D. Pa. June 21, 2021). Indeed, if Defendant's argument were to be believed, it would fly in the face of **numerous** courts throughout the Third Circuit and the country who routinely toll potential plaintiffs' statutes of limitations before conditional certification and/or before individuals affirmatively opt-in to the collective action.[1] But here it is quite simple to dispel with Defendant's argument, because Defendant conveniently omits that there are two Opt-in Members that are presently before the Court to whom tolling would apply.

If the Court grants equitable tolling here it will not constitute an advisory opinion because two individuals, Eric Parkes and DeRaymion Moore (by and through Talitha Moore), joined this case prior to Plaintiff filing the Motion for Equitable Tolling. ***Their FLSA claims are presently before the Court***. *See* Dkt. Nos. 39 and 44. Their claims have been greatly diminished, if not extinguished altogether, due to Defendant's delay-and-obstruct tactics as described in Plaintiff's Motion for Equitable Tolling that would apply equally to the other five individuals who are eligible to receive court-authorized notice. The Court would not be issuing an advisory opinion for the FLSA claims of Opt-in Members Parkes and Moore, thus rendering Defendant's cited authority distinguishable and unhelpful.

---

[1] "The Court of Appeals for the Third Circuit has not yet considered whether tolling the statute of limitations for potential opt-in Plaintiffs constitutes an impermissible advisory opinion." *Sanchez v. Santander Bank, N.A.*, 2019 U.S. Dist. LEXIS 198094, at *21 (D.N.J. Nov. 15, 2019).

Further, granting tolling for the other five potential opt-in members here would not be advisory. Those putative opt-in members would merely benefit from such a ruling through either collateral estoppel and/or law-of-the-case doctrine because whether Defendant's conduct throughout this litigation constitutes valid grounds for equitable tolling as to Parkes and Moore would litigate that issue with finality. The reasons for tolling Opt-in Members Parkes and Moore's claims for 542 days are precisely the same as the reasons for tolling the FLSA claims for other putative collective members: Defendant's litigation conduct leading up to Plaintiff's filing of the motion for conditional certification delayed Plaintiff's ability to move for conditional certification until at or near the time when all of the putative collective members' claims would expire under the three-year limitations period. *See* Dkt. 48-1 at Sec. II.A-B and Sec. IV.A.

If the Court agrees that tolling is appropriate for Opt-in Members Parkes and Moore under such circumstances, that same reasoning would apply equally to any other member of the putative collective because Defendant's same conduct that delayed Parkes and Moore from joining the case at an earlier time would apply with equal force to the other workers at issue in this case. In other words, the tolling requested here is not based on any individualized circumstances of the putative opt-in members, but is instead based on Defendant's procedural and discovery maneuverings in this litigation. If the Court finds that Defendant's conduct in this case warrants tolling for Parkes and Moore, Defendant would thereafter be estopped from arguing against tolling for any other putative collective member that joins this case under the law-of-the-case doctrine because any opposition by Defendant on that same issue would be an improper attempt to re-litigate the issue of equitable tolling. *See Am. C.L. Union v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008) ("Under the law-of-the-case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."); *see also Sack v. Tsokantas*,

-5-

2021 U.S. Dist. LEXIS 138580, at *13 (D.N.J. July 26, 2021) ("It is well-settled law that, for issue preclusion to apply, the specific issue sought to be precluded must have been actually litigated in the prior [proceeding]." (citing *Olivieri v. Y.M.F. Carpet, Inc.*, 897 A.2d 1003, 1009 (N.J. 2006)).

In other words, while each individual putative collective member may have *additional* individualized reasons for equitable tolling beyond what Plaintiff has requested in his Motion for Equitable Tolling, such as being misled by Defendant from pursuing their claims, Plaintiff's Motion lays out a basis for universally-applicable equitable tolling based on Defendant's conduct in this litigation which affects each putative collective member in the same way. Such opt-in members may very well seek such additional tolling if it is warranted by the facts. But here, it is clear Plaintiff is not seeking any advisory opinion with respect to Opt-in Members Parkes and Moore. It just so happens that granting Plaintiff's Motion as applied to Parkes and Moore would apply with equal force and weight to any other individual who joins this action at a later time. Plaintiff is not asking for more than that here.

In support of its argument, Defendant cites to *Sanchez v. Santander Bank, N.A.*, 2019 U.S. Dist. LEXIS 198094 (D.N.J. Nov. 15, 2019) and *Thompson v. Real Estate Mortg. Network*, 2015 U.S. Dist. LEXIS 199772 (D.N.J. June 29, 2015), which held that backwards-looking tolling as applied only to potential class members (and not as applied to any individuals who actually joined the case yet), would be an advisory opinion. If no other putative collective members had joined this Action, Defendant's citation to these opinions might have been relevant. But as discussed above, that is not the case since Opt-in Members Parkes and Moore are presently before the Court and Plaintiff is requesting tolling of their FLSA claims. As these are the only cases Defendant cites for its proposition that Plaintiff's Motion seeks an advisory opinion, and as those cases are distinguishable in a manner fatal to Defendant's argument, the Court need not consider them.

### C. The Court can and should rely on case law that is well-reasoned and on-point, even if it is from courts outside of the District of New Jersey. Defendant's motion practice and discovery conduct in this case warrants tolling.

Plaintiff cites to ample case law from within the Third Circuit, including courts in this District, as well as courts from around the country that have grappled with the question that is presently before the Court. Defendant does not attempt to dispute or distinguish that case law, which indicates Defendant cannot do so. Instead of addressing Plaintiff's cited cases head-on, Defendant attempts to waive away such opinions because they are "from outside of this District" and therefore are not "binding on this Court." *See* Dkt. 49 at 9-10. Plaintiff nowhere asserted that case law from other district courts are "binding" on this Court. Indeed, case law from other judges even within *this* District are not "binding" on the Court here. Plaintiff did not cite those out-of-district opinions because they were "binding," Plaintiff cited them because they addressed similar factual, procedural, and legal questions that Plaintiff presents to the Court here: whether to equitably toll the limitations periods for FLSA claims where the opposing party caused delay sufficient to expire virtually all claims of a class of workers.

How was Plaintiff's out-of-district case law distinguishable on the facts or law from the issues before the Court today? Defendant does not attempt to explain, and therefore concedes it cannot rebut or distinguish the applicability of those well-reasoned decisions. So Defendant attempts to deflect by arguing (wrongly) in conclusory fashion that "Plaintiff has not (and cannot) directly attribute any procedural delays to Defendant." *See* Dkt. 49 at 10. Plaintiff did, in fact, cite numerous delays that were directly caused by Defendant—that was the entire premise of Plaintiff's Motion. *See* Dkt. 48-1 at Sec. II.A-B and Sec. IV.A-C. That Defendant cannot address or explain its own conduct is striking: Defendant filed two baseless motions to dismiss which took over a year to resolve. *Id.* at Sec. II.A. Defendant engaged in motion practice that was designed to frustrate and delay Plaintiff's ability to file a motion for conditional certification. *See, e.g. id.* at

-7-

19. Defendant thereafter has obstructed Plaintiff's efforts to conduct discovery, and even when ordered to produce the names and contact information of the putative collective members by a date certain Defendant failed to provide a list that included all information promised by Defendant. *Id.* at Sec. II.B. Defendant does not cite to cases where such conduct has been found not to warrant tolling in the FLSA context, and Defendant cannot explain or distinguish Plaintiff's cited cases that have found such conduct to warrant tolling. As such, Defendant tacitly concedes Plaintiff's argument that Defendant's multiple motions to dismiss and other obstructive motion practice warrant equitable tolling.

And Defendant appears to misunderstand Plaintiff's argument that Defendant's discovery practices are grounds for tolling. First of all, Defendant's discovery conduct must be examined in light of its conduct as a whole, which has operated to delay Plaintiff's ability to file a motion for conditional certification. In that context, it is clear that Defendant's discovery conduct underscores Defendant's obstructive efforts to delay Plaintiff's efforts to send notice to the putative collective members. Secondly, it is not simply that Defendant delayed in providing Plaintiff with a list of putative collective members that warrants tolling, which was Defendant's basis for citing *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68 (D.N.J. 2014) *See* Dkt. 49 at 11-12. If that were the only conduct at issue here then Defendant may have a point. But the bigger picture is that Defendant *strategically timed* its baseless opposition to that discovery request and withholding of responsive information, and only capitulated when Defendant knew the limitations period would run on virtually all of the putative collective members. *See id.* at Sec. IV.A.i. Indeed, had the Court not issued a deadline for Defendant, it is likely that Defendant would have continued to withhold that information until well after the limitations period had run on those workers. In conjunction with strategically timing the withholding of basic discovery such as the names and contact information

of the putative collective members until near the date when all putative collective members' limitations period were set to run, Defendant also deflected, obfuscated, and otherwise refused to confirm an impasse on the issue at multiple points from November 2020 through the date the parties last conferred over the issue. *See* Dkt. 48-1 at Sec. II.B.

In other words, Defendant strategically led Plaintiff to believe that it may be open to stipulating for conditional certification and avoiding motion practice altogether, while at the same time withholding basic discovery. After Plaintiff formally requested the class list, Defendant wasted the parties' time for over three full months and withheld routinely discoverable information in an effort to prevent Plaintiff from moving for conditional certification at an earlier time. And even then, Defendant provided a list that lacked all of the information Defendant promised would be turned over. *Id.* This indicates that Defendant's obstructive discovery efforts were instigated to diminish and expire virtually all FLSA claims at issue for those that had not joined the case up to that point. That is precisely the type of discovery tactics that courts have viewed as proper grounds for tolling. *See id.*

And as for Defendant's motion practice that delayed Plaintiff's ability to move for conditional certification, Defendant appears to concede that it did not file the multiple motions to dismiss for any proper purpose (*i.e.*, because Defendant believed Plaintiff failed to meet the Rule 8 pleading standards or failed to properly state a claim under the FLSA to satisfy the pleading standards of *Iqbal* or *Twombly*). Instead, Defendant actually admits that it filed the motions to dismiss simply because it disagreed with the overall merits of Plaintiff's claims. *See* Dkt. 49 at 6 (noting Defendant filed the motions to dismiss because "Defendant believed . . . that it had not acted to violate the laws here in question[.]"). Simply put, a disagreement over the merits of a case was not proper grounds for Defendant to seek dismissal under Rule 12(b)(6) because at that stage,

the Court was required to accept all of Plaintiff's allegations as true and draw all inferences in favor of the Plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Defendant and Defense Counsel of course knew that but filed the motions anyway. Defendant did so not to engage in good faith motion practice, but instead because Defendant sought to delay Plaintiff's ability to seek conditional certification for as long as possible and (as Defense Counsel has stated previously to Plaintiff's Counsel during meet-and-confers) Defendant instructed its lawyers to make it as procedurally difficult as possible for these workers to pursue their claims. Defendant did not dispute that argument, and therefore concedes the point.

Plaintiff's cited case law addresses behavior similar to Defendant's conduct in this case, and all of those cases found it appropriate to grant equitable tolling on some level. Given the injustice that has occurred here for Opt-in Members Parkes and Moore, as well as the other putative collective members, Plaintiff requests the Court take guidance from those well-reasoned and on-point decisions and find that Defendant's conduct here warrants backward-looking tolling of 542 days.

### D.    Defendant concedes that forward-looking tolling is appropriate.

Plaintiff also requested the Court grant equitable tolling on a forward-looking basis to address the time it takes for the Court to consider and rule upon Plaintiff's Motion for Conditional Certification. *See* Dkt. 48-1 at Sec. IV.B-C. Defendant did not address that argument, and therefore concedes that forward-looking tolling is appropriate.

If there were any doubt about Defendant's non-opposition to that argument, one of Defendant's primary cases cited in its opposition brief granted the same forward-looking tolling relief in *Sanchez v. Santander*. In *Sanchez*, while Magistrate Judge Arpert denied look-back tolling based on the "advisory opinion" argument because the plaintiff sought such tolling for individuals

who were not yet before the court, Judge Arpert nevertheless found it appropriate "to toll the statute of limitations for Plaintiffs' FLSA claims from the date the motion for conditional certification was fully briefed [] until the date an Order is entered by the District Judge" approving or rejecting Judge Arpert's report and recommendation. 2019 U.S. Dist. LEXIS 198094, at *19-20, *report and recommendation adopted*, No. 17-cv-5775, Dkt. 183 (D.N.J. Nov. 2, 2020).

Because Defendant does not oppose Plaintiff's request for forward-looking tolling and approvingly cites to cases where the court has granted similar forward-looking tolling, this Court too should grant forward-looking tolling as requested by Plaintiff's Motion for Equitable Tolling.

**E.  Defendant's complaints about Plaintiff's discovery efforts are misplaced here. Unlike Defendant, Plaintiff has complied with discovery in good faith and continues to do so.**

Defendant cites to Plaintiff's discovery efforts ostensibly for the proposition that delays in Plaintiff's ability to move for conditional certification in this case were caused by Plaintiff, and not caused by Defendant. *See* Dkt. 49 at 14-15. Such arguments are purely a red herring and should be ignored. Defendant grossly mischaracterizes Plaintiff's discovery efforts in this case, wherein Plaintiff has fully answered Defendant's written discovery subject to valid objections, has produced over 10,000 pages of documents (in comparison, Defendant has produced a total of 65 pages in discovery), and has made clear to Defendant that Plaintiff is willing to search for more documents if Defendant would provide Plaintiff a list of reasonable search terms to ease Plaintiff's burden in searching for responsive documents given the volume at issue. Defendant also spills ink over Defendant's efforts to "settle" the case early in the proceedings. None of these arguments are relevant to the delays that were purely caused by Defendant.

To begin, Plaintiff's discovery responses are not at issue in this case, as Defendant did not even serve written discovery on Plaintiff until November 25, 2021. Plaintiff timely answered

Defendant's written discovery, and Defendant does not contend otherwise. But Plaintiff's efforts to answer Defendant's written discovery have nothing to do with Plaintiff being delayed from pursuing conditional collective action treatment by Defendant's multiple motions to dismiss and Defendant's choice to strategically withhold a class list until the point when the putative collective members' FLSA claims would expire. Defendant's request within its opposition brief that the Court intervene to assist the parties with resolving perceived discovery disputes is misplaced, is irrelevant to the equitable tolling issue before the Court, and Defendant is attempting to circumvent this Court's discovery dispute practices as outline in the Pretrial Scheduling Order. *See* Dkt. 28 at 2. The Court should not entertain such disregard for such basic procedure.

Secondly, Defendant's contentions about attempting to "settle" the case actually support Plaintiff's argument that Defendant obfuscated and deflected whenever Plaintiff attempted to confer over whether motion practice would be necessary to resolve the conditional certification issue. Putting aside that Plaintiff is under no obligation to "settle" his claims for inadequate amounts, Defendant's "settlement" efforts were nothing but a ruse to string Plaintiff along while avoiding a final impasse over the conditional certification question. During previous conferences, this Court was clear that it is in the parties' best interest to stipulate to conditional certification given the lenient evidentiary standard. Plaintiff attempted to do so in earnest early in the case and in compliance with the Court's requirement that Plaintiff was required to seek leave before filing any motion. But every time Plaintiff attempted to broach the topic with Defense Counsel during meet and confer efforts Defense Counsel would obfuscate by leading Plaintiff to believe his client would consider the request to stipulate, and then deflect by changing the subject to potential settlement. Plaintiff made clear numerous times throughout those talks that he was only interested in class-wide settlement at those times, and Defendant appeared to understand that position and

continued those talks anyway. Meaning that if any settlement were reached, it would include settlement for the putative collective members as well, further obviating the need for motion practice on that issue. The critical indicator here is the timing of Defendant's conduct. Defendant engaged in this circular dance until finally confirming, on a date near when the potential collective members' claims were set to expire, that under no circumstances would Defendant stipulate to conditional certification.[2] Defendant did this while withholding important information from Plaintiff about the dates of work for the putative collective members.

As discussed throughout, Defendant's objective conduct by itself is enough to warrant look-back and forward-looking tolling because Defendant's multiple meritless motions to dismiss and refusal to comply with its discovery obligations prevented Plaintiff from filing a motion for conditional certification at an earlier time. Importantly here, the timing of Defendant's conduct reveals that Defendant's true intention with such motion practice and discovery conduct was not good faith motion practice or valid objections to discovery—it was to delay Plaintiff's ability to file a motion for conditional certification until the FLSA claims for the putative collective members were set to expire. None of Defendant's arguments accusing Plaintiff of causing delay addresses that question, and the Court should not entertain such a red herring argument.

## III. CONCLUSION

For the reasons stated herein and in Plaintiff's Motion for Equitable Tolling, Plaintiff respectfully requests the Court grant equitable tolling for Opt-in Members Parkes and Moore as requested in Plaintiff's Motion, and requests such tolling will also apply to any putative collective member who later joins this case as a matter of issue preclusion and/or law-of-the-case doctrine.

---

[2] Given Defendant's failure to file any brief opposing Plaintiff's motion for conditional certification, Defendant's previous conduct illustrates not any real objection to the propriety of sending notice but instead demonstrates that Defendant's obfuscation and posturing was in fact merely an effort to delay Plaintiff from sending notice so that the FLSA claims of putative collective members would diminish or expire.

-13-

Dated: April 25, 2022

Respectfully submitted,

*/s/ Andrew Glenn*
Andrew Glenn, Esq.
JAFFE GLENN LAW GROUP, PA
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Tel: (201) 687-9977; Fax: (201) 595-0308
aglenn@jaffeglenn.com

*/s/ William M. Hogg*
Don J. Foty (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
HODGES & FOTY, LLP
4409 Montrose Boulevard, Suite 200
Houston, Texas 77006
Tel: (713) 523-0001; Fax: (713) 523-1116
dfoty@hftrialfirm.com
whogg@hftrialfirm.com

*Counsel for Plaintiff and Collective Members*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2022, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

 */s/ Andrew Glenn*
Andrew Glenn